## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| MULTIMEDIA TECHNOLOGIES PTE. LTD.,<br>Plaintiff,<br><br>vs.<br><br>LG ELECTRONICS INC. and LG ELECTRONICS USA, INC.,<br><br>Defendants. | Civil Action No. __2:22-CV-494__<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Multimedia Technologies Pte. Ltd. ("Multimedia") files this complaint for patent infringement pursuant to 35 U.S.C. §§ 100 *et seq*. against Defendants LG Electronics Inc. ("LGE") and LG Electronics USA, Inc. ("LGEUSA") (collectively "Defendants" or "LG"), for infringement of U.S. Patent Nos. 9,055,254 ("the '254 Patent"), 9,237,291 ("the '291 Patent"), 9,232,168 ("the '168 Patent"), 9,247,174 ("the '174 Patent"), 9,510,040 ("the '040 Patent"), 9,578,384 ("the '384 Patent"), 9,820,003, ("the '003 Patent"), 10,419,805 ("the '805 Patent"), 9,426,527 ("the '527 Patent"), 9,055,255 ("the '255 Patent"), 9,185,325 ("the '325 Patent"; collectively with the '254, '291, '168, '174, '040, '384, '003, '805, '527, and '255 Patents, "the Asserted Patents") and alleges as follows:

### I. THE PARTIES

1.      Multimedia is a corporation organized under the laws of Singapore, having a place of business at 160 Robinson Road, #24-09, SBF Center, Singapore, 068914.

2.      Multimedia is the sole and exclusive rightful owner of the Asserted Patents and holds, *inter alia*, the sole and exclusive right to sue and collect damages for past infringement.

3.      Defendant LGE is a corporation formed under the laws of the country of South

Korea, with its principal place of business at LG Twin Tower 128, Yeoui-daero, Yeongdeungpo-gu, Seoul, South Korea. Upon information and belief, LGE does business in Texas directly or through intermediaries, and offers its products and/or services, including the infringing products, to customers and potential customers located in Texas, including in this District.

4.      Defendant LGEUSA is a Delaware corporation having a principal place of business at 111 Sylvan Avenue, North Building, Englewood Cliffs, New Jersey 07632. Upon information and belief, LGEUSA is a wholly-owned subsidiary of LGE. Upon information and belief, LGEUSA manufactures and distributes infringing products throughout the United States, including in this District. LGEUSA may be served with process through its Texas registered agent, United States Corporation Co., 211 East 7th Street, Suite 620, Austin, Texas 78701.

5.      Upon information and belief, LGEUSA is the North American subsidiary of LGE, and LGE and LGEUSA have acted in concert with respect to the facts alleged herein such that any act of one Defendant is attributable to all Defendants.

## II. JURISDICTION AND VENUE

6.      As this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, this Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over LG pursuant to due process and the Texas Long Arm Statute because, *inter alia*, (a) LG has done and continues to do business in the United States, including in the State of Texas; (b) LG has committed and continues to commit acts of patent infringement in the United States, including in the State of Texas, including making, using, offering to sell and/or selling infringing products in the United States and Texas, and/or importing infringing products into the United States and Texas, including by Internet sale and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in the United States and Texas, and/or committing at least a portion of any other

infringements alleged herein.

8.     Further, upon information and belief, LGEUSA has maintained at least two regular and established places of business in this District: (1) 14901 North Beach Street, Fort Worth, Texas ("Beach Street") and (2) 2151-2155 Eagle Parkway, Fort Worth, Texas. Denton County's internet-accessible tax records indicate that LGEUSA—*i.e.* the LG entity with a place of business in Englewood Cliffs, NJ—owes taxes on the "electronics warehouse" located at the Beach Street property:



(https://taxweb.dentoncounty.gov/Accounts/AccountDetails?taxAccountNumber=657779DEN (last accessed 12/23/22)). In other actions, LGE has admitted that "LGEUS[A] leases property in Fort Worth, Texas and pays taxes on that property." *See* Answer ¶ 9, ECF No. 19, S*paceTime3D, Inc. v. LG Elecs. Inc.*, No. 2:22-cv-00049 (E.D. Tex. June 20, 2022).

9.     LG has placed and/or contributed to placing infringing products into the stream of commerce via established distribution channels, knowing or understanding that such products would be sold in the United States, including in this District.

10.     Indeed, LG has not disputed this Court's personal jurisdiction over the last few years in a number of recent patent infringement actions in this District. *See, e.g., id.* ¶ 8 ("LGE

does not contest that the Court has personal jurisdiction over LGE, Inc. or LGEUS[A] for the purposes of this particular action only"); Answer ¶¶ 10, 11, 17, 19, ECF No. 14, *Sovereign Peak Ventures, LLC v. LG Elecs., Inc.*, No. 2:20-cv-00107-JRG (E.D. Tex. Aug. 5, 2020) ("does not contest personal jurisdiction in this lawsuit"); Answer ¶ 6, ECF No. 14, *Hardin v. LG Elecs., Inc.,* No. 2:21-cv-00289 (E.D. Tex. Nov. 22, 2021) ("admit that venue is permissible in this District for purposes of this particular action"); Answer ¶¶ 6, 13, 14, ECF No. 24, *Arigna Tech. Ltd., LG Elecs., Inc.,* No. 2:21-cv-00377, Dkt. 24 (E.D. Tex. Jan. 26, 2022) ("does not contest that the Court has personal jurisdiction over LG[] for the purposes of this particular action only"; "does not contest that the venue is proper in this District for purposes of this particular action only").

11.     Additionally, LGE has purposefully availed itself of the Court in pursuit of its own patent infringement claims. *See, e.g., LG Elecs. Inc. v. TCL Elecs. Holdings Ltd, et al.*, No. 2:22-cv-00122, ECF No. 1 (E.D. Tex. Apr. 21, 2022).

12.     In addition, or in the alternative, this Court has personal jurisdiction over LGE pursuant to Fed. R. Civ. P. 4(k)(2).

13.     Venue is proper in this District as to LGE pursuant to 28 U.S.C. § 1391(c)(3) because venue is proper in any judicial district against a foreign corporation.

14.     Venue is proper in this District as to LGEUSA pursuant to 28 U.S.C. § 1400(b), at least because LGEUSA has a regular and established place of business in this District, and has committed acts of patent infringement in this District. Upon information and belief, LGEUSA's acts of infringement in this District include, but are not limited to, the use, sale, offer for sale, and/or importation into the United States of LG televisions and associated remotes.

### III. THE PATENTS-IN-SUIT

15.     The '254 Patent, entitled "ON SCREEN METHOD AND SYSTEM FOR CHANGING TELEVISION CHANNELS," was lawfully issued by the United States Patent and

Trademark Office on June 9, 2015. A true and correct copy of the '254 Patent is attached as **Exhibit A**.

16.     The '254 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

17.     Multimedia is the owner, by assignment, of the '254 Patent.

18.     The '291 Patent, entitled "METHOD AND SYSTEM FOR LOCATING PROGRAMMING ON A TELEVISION," was lawfully issued by the United States Patent and Trademark Office on January 12, 2016. A true and correct copy of the '291Patent is attached as **Exhibit B.**

19.     The '291 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

20.     Multimedia is the owner, by assignment, of the '291 Patent.

21.     The '168 Patent, entitled "SYSTEMS AND METHODS FOR PROVIDING USER INTERFACES IN AN INTELLIGENT TELEVISION," was lawfully issued by the United States Patent and Trademark Office on January 5, 2016. A true and correct copy of the '168 Patent is attached as **Exhibit C.**

22.     The '168 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

23.     Multimedia is the owner, by assignment, of the '168 Patent.

24.     The '174 Patent, entitled "PANEL USER INTERFACE FOR AN INTELLIGENT TELEVISION," was lawfully issued by the United States Patent and Trademark Office on January 26, 2016. A true and correct copy of the '174 Patent is attached as **Exhibit D.**

25.     The '174 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26.    Multimedia is the owner, by assignment, of the '174 Patent.

27.    The '040 Patent, entitled "GLOBAL PANEL," was lawfully issued by the United States Patent and Trademark Office on November 29, 2016. A true and correct copy of the '040 Patent is attached as **Exhibit E**.

28.    The '040 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

29.    Multimedia is the owner, by assignment, of the '040 Patent.

30.    The '384 Patent, entitled "SYSTEMS AND METHODS FOR PROVIDING VIDEO ON DEMAND IN AN INTELLIGENT TELEVISION," was lawfully issued by the United States Patent and Trademark Office on February 21, 2017. A true and correct copy of the '384 Patent is attached as **Exhibit F**.

31.    The '384 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

32.    Multimedia is the owner, by assignment, of the '384 Patent.

33.    The '003 Patent, entitled "APPLICATION PANEL MANAGER," was lawfully issued by the United States Patent and Trademark Office on November 14, 2017. A true and correct copy of the '003 Patent is attached as **Exhibit G**.

34.    The '003 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

35.    Multimedia is the owner, by assignment, of the '003 Patent.

36.    The '805 Patent, entitled "DATA SERVICE," was lawfully issued by the United States Patent and Trademark Office on September 17, 2019. A true and correct copy of the'805 Patent is attached as **Exhibit H**.

37.    The '805 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

38.     Multimedia is the owner, by assignment, of the '805 Patent.

39.     The '527 Patent, entitled "SYSTEMS AND METHODS FOR PROVIDING VIDEO ON DEMAND IN AN INTELLIGENT TELEVISION," was lawfully issued by the United States Patent and Trademark Office on August 23, 2016. A true and correct copy of the '527 Patent is attached as **Exhibit I**.

40.     The '527 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

41.     Multimedia is the owner, by assignment, of the '527 Patent.

42.     The '255 Patent, entitled "LIVE TELEVISION APPLICATION ON TOP OF LIVE FEED," was lawfully issued by the United States Patent and Trademark Office on June 9, 2015. A true and correct copy of the '255 Patent is attached as **Exhibit J**.

43.     The '255 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

44.     Multimedia is the owner, by assignment, of the '255 Patent.

45.     The '325 Patent, entitled "SYSTEMS AND METHODS FOR PROVIDING VIDEO ON DEMAND IN AN INTELLIGENT TELEVISION," was lawfully issued by the United States Patent and Trademark Office on November 10, 2015. A true and correct copy of the '325 Patent is attached as **Exhibit K**.

46.     The '325 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

47.     Multimedia is the owner, by assignment, of the '325 Patent.

48.     Multimedia asserts and alleges that LG has infringed and continues to infringe at least one claim of each of the '254, '291, '168, '174, '040, '384, '003, '805, '527, '255 and '325 Patents.

## IV. FACTUAL ALLEGATIONS

### Introduction

49.     Flextronics International Ltd, now Flex Ltd, (collectively, "Flex"), is a leading designer of user interfaces and other technology related thereto for televisions and smartphones, among other electronics fields.

50.     On or about January 2012, Flex formed along with Hisense Group ("Hisense")— one of the leading consumer and electronics goods manufacturers in China—Jamdeo, a joint venture to serve as a design and engineering company that develops end-to-end solutions for clients who manufacture Smart TVs, Set top boxes, OTT boxes and sticks.

51.     One of Jamdeo's successes was the development of a platform that was integrated into Hisense's VIDAA TV, which has been sold to millions across China and is highly regarded.

52.     Hisense's VIDAA TV debuted in 2013 in China.

53.     Previously, Hisense's efforts to develop Smart TVs that were competitive with the offerings of other manufacturers—such as LG—were unsuccessful (even though the early attempts by competitors to develop Smart TVs were also relatively unsuccessful prior to Flex's innovations).

54.     Flex's approach to Smart TV design allow for multiple benefits over a normal TVs and early attempts by competitors—including LG—at developing Smart TVs. One important improvement is that Flex's approach enabled a Smart TV to present to a user an intuitive and easily operable overlay, rather than a cumbersome desktop approach, that provides a seamless user interaction capability in the television environment.

55.     Flex applied for and was granted dozens of patents that relate to intelligent TV technologies and the benefits derived therein, including the Asserted Patents.

56.     Flex subsequently assigned the Asserted Patents to Multimedia.

57.     To the extent necessary, Multimedia has complied with all applicable requirements of 35 U.S.C § 287 at all relevant times for each of the Asserted Patents. To the extent necessary, on information and belief, each prior owner of the Asserted Patents has complied with all applicable requirements of 35 U.S.C. § 287 at all relevant times for each of the Asserted Patents.

58.     The Asserted Patents are directed to, *inter alia*, methods for using and systems of intelligent TVs that, for example, employ novel user interfaces in a television environment. The claims of the Asserted Patents cover specific improvements in the field of televisions and television user interfaces that go beyond what was well-understood, routine, and conventional to solve then-existing problems in the field.

59.     The inventions claimed in the Asserted Patents directly addressed problems in the prior art. Generally, a Smart TV is "a device that integrates access to the Internet and Web 2.0 features into television sets" and "represent[ed] the trend of technological convergence between computers and television sets." *See, e.g.,* '168 Patent at 1:51-54. Smart TVs allow for access to "online interactive media, Internet TV, on-demand streaming media" and do not generally "focus on traditional broadcast media" although they typically provide access to same. *Id*. at 1:55-57. Prior art Smart TV systems failed to, *inter alia*, "provide seamless and intuitive user interfaces for navigating and/or executing the various features of the Smart TV." *Id*. at 1:57-59. Accordingly, there remained "a need for an Intelligent TV with intuitive user interfaces and with seamless user interaction capability." *Id.* at 1:66-67. This need, among others, is addressed by the inventions claimed by the Asserted Patents and "by the various aspects, embodiments, and/or configurations" described and claimed by the Asserted Patents. *Id.* at 2:1-3.

60.     Whereas the prior art failed to provide for, *inter alia*, a "seamless and intuitive" user interface in the Smart TV environment, the Asserted Patents claim inventions that provide

this functionality, as exemplified by the disclosures of the specification(s) of the Asserted Patents. For example, and without limitation, the Asserted Patents disclose: (1) global panels that enable users to navigate Smart TV offerings, and associated panels employed and oriented in novel ways to facilitate navigation of the Smart TV as well as panels that sort and provide content in either digest or detail view (*see, e.g.*, '040 Patent at 29:32-32:59; '168 Patent at 44:56-46:35; '174 Patent at 29:62-37:54; '003 Patent at 37:41-41:32; '255 Patent at 59:37-60:12; '384 Patent at 25:17-28); (2) remote controls that enable a user to navigate the Smart TV (*see, e.g.*, '254 Patent at 22:57-23:7, 24:1-25:10, 32:51-33:21); (3) search functionality that provides the functionality to effectively search local and non-local content in the Smart TV environment (*see, e.g.*, '805 Patent at 11:12-21, 17:44-62; '291 Patent at 12:30-38, 23:31-55); (4) tracking and presenting content in the Smart TV environment in ways that enable users to effectively identify and access the desired content (*see, e.g.*, '325 Patent at 23:24-32, 34:22-46, '527 Patent at 23:61-24:3, 35:7-32).

61.    Upon information and belief, LG was aware of the Hisense VIDAA TV and the positive press that accompanied its launch.

62.    Upon information and belief, LG had actual knowledge of the '254, '291, '168, '174, '040, '384, '003 '805, '527, '255 and '325 Patents prior to the filing of this complaint.

63.    Upon information and belief, LG was and is aware of Flex's patents and was or should have been aware of each of the Asserted Patents, at least because, upon information and belief, LG was both developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the Asserted Patents.

64.    Upon information and belief, in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the Asserted Patents, LG routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the

Asserted Patents.

65.    For example, on or about August 15, 2017, LG cited to Flex's Patent Publication No. US 2014/0059599 A1—which is related to the Asserted Patents—during prosecution of LG's U.S. Patent No. 10,349,138.

66.    Upon information and belief, LG was aware of or should have been aware of the Asserted Patents, at least because they relate to the same field of subject matter as other Asserted Patents—including family members of Flex's Patent Publication No. US 2014/0059599 A1—of which LG was aware and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the Asserted Patents, LG routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the Asserted Patents.

### The Accused Products

67.    Upon information and belief, LG was one of the first electronics producers to mass-market a Smart TV in the United States, and since 2014, the LG webOS operating system—previously or alternatively known as webOS, Open webOS, HP webOS, and Palm webOS—has been installed on LG Smart TVs.

68.    Upon information and belief, LG has now sold numerous models of Smart TVs with LG webOS, each of which infringes the Asserted Patents. These models include, but are not limited to, all models of LG's currently offered lines of products—OLED TVs, QNED MiniLED TVs, NanoCell TVs, and 4K Ultra HD TVs—as well as any previous versions or models of the currently offered lines of products and any other model of LG TV on which any version of LG webOS was installed (collectively, the "Accused Products"). *See* https://www.lg.com/us/tvs.

**LG's Acts of Infringement**

69.    LG has made, used, sold, offered to sell and/or imported infringing products, and continues to do so, including the Accused Products.

70.    By doing so, LG has directly infringed the Asserted Patents.

71.    LG has engaged and continues to engage in a pattern of conduct intended to induce and/or contribute to the infringement of others, such as its customers and end-users. These actions have included and include making, selling, offering to sell, and/or importing products that infringe the Asserted Patents.

72.    Through its actions, LG induces and/or contributes to the infringement of the Asserted Patents, and thus indirectly infringes the Asserted Patents.

73.    There is an actual, substantial, and continuing justiciable controversy between Multimedia and LG regarding LG's infringement of the Asserted Patents. Absent a judgment and injunction from this Court, LG will continue to infringe the Asserted Patents and continue to cause damage and irreparable harm to Multimedia.

74.    Despite being aware and having knowledge of Multimedia's patents—including the Asserted Patents—and recognizing the value and benefits of Multimedia's patented technology, LG has elected to infringe the Asserted Patents, including by incorporating Multimedia's technology into at least the Accused Products.

75.    LG's infringement of each Asserted Patent is willful. LG continues to commit acts of infringement despite awareness of the Asserted Patents and a high likelihood that its actions constitute infringement, and LG knew or should have known that its actions constituted an unjustifiably high risk of infringement, at least because of, upon information and belief, LGG's familiarity with the Asserted Patents and the fields to which they relate (including the fields to which LG's Accused Products relate) as part of its development of the Accused Products, and its monitoring of the Jamdeo joint venture, Hisense's VIDAA TV, and the

Asserted Patents, press related thereto, and patents issuing therefrom.

76.    LG's acts of infringement have been willful as of the date it became aware of the

patented technology/invention(s) and/or the Asserted Patents, and no later than the filing of this

complaint for patent infringement and/or the date this complaint for patent infringement was

served on LG.

## V. COUNT ONE - (Infringement of U.S. Patent No. 9,055,254)

77.    Multimedia realleges and incorporates by reference each of the preceding

paragraphs.

78.    LG, by itself and/or through its subsidiaries, agents, and/or business partners, has

directly infringed, literally or under the doctrine of equivalents, claims of the '254 Patent

pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or

importing systems and methods protected thereby within the United States and within this

district. LG has been engaged in direct infringement activities with respect to at least the

Accused Products. By way of example, and without limitation, LG has directly infringed at least

claim 1 of the '254 Patent.

79.    As an example, Claim 1 provides:

(1.0)    A method, comprising:

(1.1)    receiving, wirelessly by at least one of an infrared and radio frequency module
of a television and from a remote control, a request to change a programming
channel;

(1.2)    displaying, by a microprocessor executable application framework and on a
television screen, an on screen channel changer, the displayed on screen
channel changer comprising electronic program guide ("EPG") information and
a number input bar comprising digits, wherein the digits range from 0 to 9;

(1.3)    receiving, by the application framework and from the remote control, a channel
selection based on digits selected by a user using the remote control and the
number input bar of the on screen channel changer, wherein the user selects the
digits using non-numeric keys of the remote control; and

(1.4)    changing, by the application framework, to the selected channel, wherein the remote control comprises:

(1.5)    a media center button that, when selected, provides, by the television screen, displayed information regarding one or more of groupings of music, groupings of videos, groupings of photographs, and internal and external computational devices, the computational devices comprising one or more of personal computers, laptops, tablet computers, wireless phones, and removable computer readable media;

(1.6)    an application center button that, when selected, provides, by the television screen, displayed information regarding pre-installed and downloaded software applications, wherein the downloaded software applications comprise one or more of a web browser, settings control, and content search algorithms;

(1.7)    an application panel button that, when selected, displays, by the television screen, an application panel, wherein the application panel comprises an information panel regarding a selected (pre-installed or previously downloaded) application icon; and

(1.8)    a global panel button that, when selected, provides the user, via one or more panels or windows displayed by the television screen, with access to one or more of silos, notifications, a web browser system settings, and information associated therewith.

80.    By way of example, and without limitation, LG has directly infringed the '254 Patent, and continues to do so, by providing a device capable of performing or that allows a user to perform the method of Claim 1. On information and belief, the Accused Products comprise a television with a screen and an infrared and/or radio frequency module by which a user using the included remote control is capable of changing the television channel via an on screen number input bar with digits ranging from 0 to 9. The Accused Products' remote control(s) comprises (1) a media center button in accordance with the claim (for example, but without limitation, the home button when operated with a "short" press), (2) an application center button in accordance with the claim (for example, but without limitation, the home button when operated with a "long" press, or alternatively the home button when operated with a "short" press), (3) an application panel button in accordance with the claim (for example, but without limitation, the home button when operated with a "short" press, or alternatively the preinstalled

application buttons, such as "Netflix" or "Amazon Prime"), and (4) a global panel button in accordance with the claim (for example, but without limitation, the home button when operated with a "long" press, or alternatively the settings button).

81.    Upon information and belief, LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '254 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, LG had or should have had actual knowledge of the '254 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which LG was aware and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '254 Patent, LG routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the '254 Patent. On information and belief, LG has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '254 Patent.

82.    LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '254 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '254 Patent, that constitute a material part of the invention(s) claimed in the '254 Patent, and that have no substantial non-infringing use, with knowledge that

such components are especially made or adapted for use in infringing the '254 Patent.

83.    As a consequence of each of LG's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '254 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

84.    Upon information and belief, as set forth in detail above, LG's infringement of the '254 Patent has been willful.

### VI. COUNT TWO - (Infringement of U.S. Patent No. 9,237,291)

85.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

86.    LG, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '291 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems and methods protected thereby within the United States and within this district. LG has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, LG has directly infringed at least claim 1 of the '291 Patent.

87.    For example, claim 1 provides:

(1.0)    A method, comprising:

(1.1)    accessing, from a network accessible external content source, electronic program guide ("EPG") information, the EPG information comprising, for each program, airtime, program name, program channel, and program description;

(1.2)    displaying, by a microprocessor executable application framework and on a screen of a television, a search panel, the search panel comprising a search term field to receive a search term and at least one previous set of search terms used by a user in a prior search, wherein selection of the at least one previous set of search terms initiates a search of the EPG information using the at least one previous set of search terms as a first selected set of search terms;

(1.3)   performing, by a microprocessor executable data service of the television, the search using a second selected set of search terms, the second selected set of search terms being received in the search term field or a selected previous set of search terms, said performing comprising:

(1.4)   receiving, from the application framework, the second selected set of search terms, the second selected set of search terms being received in the search term field or a selected previous set of search terms;

(1.5)   in response, a microprocessor executable content presentation service opening a socket and sending the second selected set of search terms to a microprocessor executable content aggregation service; and

(1.6)   providing, by the microprocessor executable content aggregation service, the second selected set of search terms to plural external content sources, wherein the plural external content sources comprise a Web site other than the EPG content source;

(1.7)   receiving, by the microprocessor executable content aggregation service, local search results, from a local database of the television; the local search results responsive to the second selected set of search terms;

(1.8)   receiving, by the microprocessor executable content aggregation service, non-local search results responsive to the second selected set of search terms from the plural external content sources, the plural external content sources comprising an Internet site and one or both of cable and satellite content sources other than the Internet site; the non-local search results comprising EPG information corresponding to multiple channels and/or programs;

(1.9)   providing, by the microprocessor executable content presentation service, the local and non-local search results, over the previously opened socket to one or more users, the providing comprising displaying, by the application framework, the local and non-local search results on the television screen;

(1.10)  receiving, by the application framework and from a remote control of the user, a program selection from the displayed set of local and non-local search results; and

(1.11)  changing, by the application framework, a current channel to a channel broadcasting the program selection, wherein, when the search session is over, the microprocessor executable content presentation service disconnects the socket.

88.    By way of example, and again without limitation, LG has directly infringed the '291 Patent, and continues to do so, by providing a device capable of performing or that allows a user to perform the method of Claim 1. The Accused Products comprise a television with a screen and an infrared and/or radio frequency module by which the included remote control is

capable of providing input to execute a search function. Upon execution of the search function—accessible upon pressing the "home" button on the remote control—the Accused Products render a search panel that comprises a search term field to receive a search term and at least one previous set of search terms used by the user in a prior search, and wherein the search results comprise local and non-local search results in accordance with the claim. Upon information and belief, the Accused Products are capable of opening a socket to send the second selected set of search terms to the content aggregation service and provide, by the application framework, the local and non-local search results, over the previously opened socket to one or more users, the providing the local and non-local search results on the television screen. Further, upon information and belief, the application framework of the Accused Products are capable of receiving, from a remote control of the user, a program selection from the displayed set of local and non-local search results and changes a current channel to a channel broadcasting the program selection, wherein, when the search session is over, the microprocessor executable content presentation service disconnects the socket.

89.     Upon information and belief, LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '291 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, LG had or should have had actual knowledge of the '291 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which LG was aware and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '291 Patent, LG routinely monitored patents, patent applications, and

non-patent literature related to those fields, and the positive press associated with the same, including the '291 Patent. On information and belief, LG has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '291 Patent.

90.     LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '291 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '291 Patent, that constitute a material part of the invention(s) claimed in the '291 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '291 Patent.

91.     As a consequence of each of LG's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '291 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

92.     Upon information and belief, LG's infringement of the '291 Patent has been willful.

### VII. COUNT THREE - (Infringement of U.S. Patent No. 9,232,168)

93.     LG realleges and incorporates by reference each of the preceding paragraphs.

94.     LG, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '168 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems and methods protected thereby within the United States and within this district. LG has been engaged in direct infringement activities with respect to at least the

Accused Products. By way of example, and without limitation, LG has directly infringed at least claim 1 of the '168 Patent.

95.    For example, claim 1 provides:

(1.0)    A method for providing a user interface in an intelligent television, the method comprising:

(1.1)    receiving, by a processor of the intelligent television, a selection associated with a first navigation bar in the user interface of the intelligent television;

(1.2)    determining if a second user interface, associated with the selection, can contain a second navigation bar;

(1.3)    if a second user interface, associated with the selection, can contain a second navigation bar, rendering a horizontal navigation bar as the second navigation bar in the second user interface; and

(1.4)    if a second user interface, associated with the selection, can not contain a second navigation bar, rendering a different user interface device for the second navigation bar in the second user interface.

96.    By way of example, and again without limitation, LG has directly infringed the '168 Patent, and continues to do so, by providing a device capable of performing or that allows a user to perform the method of Claim 1. On information and belief, the Accused Products are televisions that via the processor, are capable of displaying a user interface that has a first navigation bar (*e.g.*, the display rendered upon pressing the "home" button on the remote control) and are further capable of displaying a second user interface (*e.g.*, a second ribbon of applications, icons, or options) in one of several different orientations, depending on whether a second navigation bar can be rendered horizontally on the Accused Products' screen.

97.    Upon information and belief, LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '168 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion,

support, and distribution of the Accused Products. Upon information and belief, LG had or should have had actual knowledge of the '168 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which LG was aware and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '168 Patent, LG routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the '168 Patent. On information and belief, LG has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '168 Patent.

98.    LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '168 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the'168 Patent, that constitute a material part of the invention(s) claimed in the '168 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '168 Patent.

99.    As a consequence of each of LG's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the'168 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

100.    Upon information and belief, as set forth in detail above, LG's infringement of the '168 Patent has been willful.

## VIII. COUNT FOUR - (Infringement of U.S. Patent No. 9,247,174)

101.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

102.    LG, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '174 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems and methods protected thereby within the United States and within this district. LG has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, LG has directly infringed at least claim 1 of the '174 Patent.

103.    For example, Claim 1 provides:

(1.0)    A method for displaying content on a television, comprising:

(1.1)    receiving a first input via an input device associated with the television;

(1.2)    in response to the first input, displaying, via the television, an application panel interface;

(1.3)    determining content currently being shown on the television;

(1.4)    identifying at least one of a content source and content information associated with the content currently being displayed via the television;

(1.5)    based on the content and the at least one of the content source and the content information, providing a first content panel in the application panel interface, wherein the first content panel is a first type of application panel;

(1.6)    receiving a first directional input via the input device associated with the television;

(1.7)    determining, based on a first direction associated with the first directional input, a second content panel to display via the television in the application panel interface, wherein the second content panel is a second type of application panel;

(1.8)    retrieving, from memory, a second content information based on the second type of content panel; and

(1.9)   displaying, via the television, the second content information in the second content panel.

104.    By way of example, and again without limitation, LG has directly infringed the '174 Patent, and continues to do so, by providing a device that is capable of performing or that allows a user to perform the method of Claim 1. The Accused Products are televisions that comprise an input device associated with the television (*e.g*, the remote control), a memory, and a microprocessor that receives a first input via a remote control (*e.g.*, pressing different directions (such as "up" or "right") on the remote control). Upon receiving an input, the Accused Products display an application panel interface that identifies at least one of a content source and content information associated with the content currently being displayed (*e.g.*, information displayed in panels in different portions of the Accused Products' screen).

105.    Upon information and belief, LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '174 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, LG had or should have had actual knowledge of the '174 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which LG was aware and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '174 Patent, LG routinely monitored patents, patent applications, and non-patent literature related to those fields and the positive press associated with the same, including the '174 Patent. On information and belief, LG has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of

the '174 Patent.

106.    LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '174 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '174 Patent, that constitute a material part of the invention(s) claimed in the '174 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '174 Patent.

107.    As a consequence of each of LG's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '174 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

108.    Upon information and belief, as set forth in detail above, LG's infringement of the '174 Patent has been willful.

### IX. COUNT FIVE - (Infringement of U.S. Patent No. 9,510,040)

109.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

110.    LG, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '040 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems protected thereby within the United States and within this district. LG has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, LG has directly infringed at least claim 1 of the '040 Patent.

111.    For example, Claim 1 provides:

(1.0)    A method of displaying content on a television, comprising:

(1.1)    receiving, by a processor, an indication associated with a selection by a user;

(1.2)    determining, by the processor, based on the received indication, a global panel to display via the television;

(1.3)    retrieving, by the processor, from memory, a first content information for display in the global panel; and

(1.4)    displaying, via the television, the retrieved content information in the global panel, wherein the global panel includes a list of sources of content for the intelligent television, wherein at least one of the sources is highlighted as being associated with the first content information, and wherein the sources include a live television source, a video on demand source, a media center source, an applications source, and an electrical input associated with the television.

112.    LG has directly infringed the '040 Patent, and continues to do so, by providing a device that is capable of performing or that allows a user to perform the method of Claim 1. For example, with respect to Claim 1, the Accused Products are televisions that are capable of receiving, by a processor, a first input via a remote control (*e.g.*, pressing the "home" button). Upon receiving an input from the "home" button, the Accused Products display a global panel that includes a list of sources of content for the Accused Products, including a live television source (*e.g.* broadcast or internet TV), a video on demand source (*e.g.*, Netflix app), a media center source (*e.g.*, the Music app), an applications source (*e.g.*, LG Content Store app), and an electrical input associated with the television (*e.g.*, HDMI ports), as well as an indication as to which source is associated with a first content information displayed in the global panel (*e.g.*, an indication as to what an HDMI port is associated with, such as cable input).

113.    Upon information and belief, LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '040 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the

Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, LG had or should have had actual knowledge of the '040 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which LG was aware and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '040 Patent, LG routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the '040 Patent. On information and belief, LG has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '040 Patent.

114.    LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '040 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '040 Patent, that constitute a material part of the invention(s) claimed in the '040 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '040 Patent.

115.    As a consequence of each of LG's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '040 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

116.    Upon information and belief, as set forth in detail above, LG's infringement of the '040 Patent has been willful.

## X. COUNT SIX - (Infringement of U.S. Patent No. 9,578,384)

117.     Multimedia realleges and incorporates by reference each of the preceding paragraphs.

118.     LG, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '384 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing methods protected thereby within the United States and within this district. LG has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, LG has directly infringed at least claim 1 of the '384 Patent.

119.     For example, Claim 1 provides:

(1.0)     A method for providing video-on-demand (VOD) in an intelligent television, the method comprising:

(1.1)     receiving, by a processor of the intelligent television, a first selection for a VOD content;

(1.2)     in response to the first selection, providing, by the processor, a master view of the VOD content, wherein the master view presents two or more collections of the VOD content organized by a characteristic of the VOD content;

(1.3)     receiving, by the processor, a second selection for a VOD content;

(1.4)     in response to the second selection, providing, by the processor, a collection view of VOD content, wherein the collection view presents two or more items of the VOD content having the characteristic;

(1.5)     receiving, by the processor, a third selection for a VOD content;

(1.6)     in response to the third selection, providing, by the processor, either a detail view or a digest view of VOD content, wherein the detail view presents information about a selected item of the VOD content, and wherein the digest view presents information about a set of the VOD content that are associated with a series, wherein providing either a detail view or a digest view of the VOD content comprises:

(1.7)     determining, by the processor, if the selection in the collection view is for a series or one of a movie or single show;

(1.8)    if the selection in the collection view is for a series, providing, by the processor, the digest view; and

(1.9)    if the selection in the collection view is for one of a movie or single show, providing, by the processor, a detail view, wherein a navigation to view VOD content is an ordered set of user interfaces, and wherein the order includes a master view at a top level, a collection view at a second level, either a digest view or detail view at a third level, and a player view at a fourth and bottom level.

120.    By way of example, and without limitation, LG has directly infringed the '384 Patent, and continues to do so, by providing a device that is capable of performing or that allows a user to perform the method of Claim 1. On information and belief, the Accused Products are televisions that are capable of receiving a first selection for VOD content, after which the television presents a master view of VOD content with at least two collections (*e.g.* Netflix and Amazon Prime). The Accused Products are further capable of receiving a second selection of VOD content, which presents a collection view (e.g., the content offered by Netflix). The Accused Products are further capable of receiving a second selection of VOD content, which presents either a digest or detail view in accordance with the claim, and are further capable of receiving a fourth selection of an episode or movie, which launches the player view.

121.    Upon information and belief, LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '384 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, LG had or should have had actual knowledge of the '384 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which LG was aware and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's

VIDAA TV, and/or the '384 Patent, LG routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the '384 Patent On information and belief, LG has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '384 Patent.

122.    LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '384 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '384 Patent, that constitute a material part of the invention(s) claimed in the '384 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '384 Patent.

123.    As a consequence of each of LG's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '384 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

124.    Upon information and belief, as set forth in detail above, LG's infringement of the '384 Patent has been willful.

**XII. COUNT SEVEN - (Infringement of U.S. Patent No. 9,820,003)**

125.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

126.    LG, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '003 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or

importing devices and methods protected thereby within the United States and within this district. LG has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, LG has directly infringed at least claim 1 of the '003 Patent.

127.    For example Claim 1 provides:

(1.0)    A method of managing an application panel on an intelligent television (TV) comprising: displaying live TV content on the intelligent TV;

(1.1)    detecting, by a hardware processor, a request to invoke the application panel based on a selection of an application panel button on a remote control associated with the intelligent TV;

(1.2)    in response to the request, detecting, by the hardware processor, the displayed content on the intelligent TV;

(1.3)    determining, based on the detected displayed content, and, by the hardware processor, a type of content being displayed, wherein the type of content is at least one of an application and a video on demand;

(1.4)    displaying, by the hardware processor, the application panel on the intelligent TV, wherein the application panel covers at least a portion of the displayed content;

(1.5)    in response to the request, detecting, by the hardware processor, context information, wherein the context information is based at least on the determined type of displayed content and a location of the display of the application panel, wherein the location is along at least one edge of the display, wherein the application panel is associated with a silo, wherein the silo is at least one of a Live TV silo, an on-demand silo, a media center silo, and an applications silo;

(1.6)    determining, by the hardware processor, an information to display in the application panel based on both of the displayed content on the intelligent TV and the context information, wherein the determined information includes one or more of an information portion, a new portion, a recommended portion, a genre portion, an electronic program guide, a category portion, a favorites portion and a search portion; and

(1.7)    displaying, by the hardware processor, the determined information in the application panel on a display of the intelligent TV.

128.    By way of example, and again without limitation, LG has directly infringed the '003 Patent, and continues to do so, by providing a device that is capable of performing or allows

a user to perform a method that infringes Claim 1. The Accused Products are televisions that are capable of receiving input from selecting an application panel button on a remote control (*e.g.*, pressing different directions (such as "up" or "right") on the remote control). Upon receiving an input, the Accused Products display an application panel interface that identifies at least one of a content source and content information associated with the content currently being displayed (*e.g.*, information displayed in panels in different portions of the Accused Products' screen).

129.    Upon information and belief, LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '003 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, LG had or should have had actual knowledge of the '003 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which LG was aware and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '003 Patent, LG routinely monitored patents, patent applications, and non-patent literature related to those fields and the positive press associated with the same, including the '003 Patent. On information and belief, LG has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '003 Patent.

130.    LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '003 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering

to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '003 Patent, that constitute a material part of the invention(s) claimed in the '003 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '003 Patent.

131.    As a consequence of each of LG's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '003 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

132.    Upon information and belief, as set forth in detail above, LG's infringement of the '003 Patent has been willful.

## XIII. COUNT EIGHT - (Infringement of U.S. Patent No. 10,419,805)

133.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

134.    LG, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '805 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing devices and methods protected thereby within the United States and within this district. LG has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, LG has directly infringed at least claim 1 of the '805 patent.

135.    For example, Claim 1 provides:

(1.0)    A method of providing content for a television (TV), the method comprising:

(1.1)    receiving, by a processor, data relevant to one or more scheduled events from one of a corresponding subservice of a plurality of subservices, wherein the plurality of subservices comprises a video-on-demand (VOD) subservice, electronic programming guide (EPG) subservice, and a media subservice

(1.2) organizing, by the processor, the data according to a pre-defined format corresponding to each of the plurality of subservices, wherein the pre-defined format comprises one of a VOD data model, an EPG data model and a media data model, wherein organizing the data according to the pre-defined format comprises converting the data received from the subservice into the pre-defined format of the corresponding data model and wherein each of the VOD data model, EPG data model, and media data model provide a uniform format for the plurality of subservices; and

(1.3) providing, by the processor, the organized data to one or more of a plurality of content provider modules of the TV.

136. By way of example, and again without limitation, LG has directly infringed the '805 Patent, and continues to do so, by providing a device that is capable of performing or allows a user to perform a method that infringes Claim 1. For example, with respect to Claim 1, the Accused Products are televisions capable of displaying VOD content, EPG content, and Media content based on a uniform format for each type of content. For example, the Accused Products comprise an electronic programming guide (EPG) subservice—*e.g.*, the panel displayed upon pressing "guide" on the remote—which displays data organized in the uniform format of the corresponding data model. As another example, the Accused Products are capable of receiving input to execute a search function. Upon execution of the search function—accessible upon pressing the "home" button on the remote control—the Accused Products render a search panel that displays the data organized in the uniform format of the corresponding data model.

137. Upon information and belief, LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '805 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, LG had or should have had actual knowledge of the '805 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which LG was aware

and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '805 Patent, LG routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the '805 Patent. On information and belief, LG has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '805 Patent.

138.    LG itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '805 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '805 Patent, that constitute a material part of the invention(s) claimed in the '805 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '805 Patent.

139.    As a consequence of each of LG's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '805 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

140.    Upon information and belief, as set forth in detail above, LG's infringement of the '805 Patent been willful.

### XIV. COUNT NINE - (Infringement of U.S. Patent No. 9,426,527)

141.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

142.    LG, by itself and/or through its subsidiaries, agents, and/or business partners, has

directly infringed, literally or under the doctrine of equivalents, claims of the '527 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing devices and methods protected thereby within the United States and within this district. LG has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, LG has directly infringed at least claim 1 of the '527 Patent.

143.    For example Claim 1 provides:

(1.0)    A method for providing video-on-demand (VOD) in an intelligent television, the method comprising:

(1.1)    receiving, by a processor of the intelligent television, content for two or more items of VOD content;

(1.2)    determining, by the processor, metadata characteristics for the two or more items of VOD content;

(1.3)    creating, by the processor, a file for each item of VOD content;

(1.4)    storing, by the processor, the metadata characteristics with the content in the file in a database for each of the two or more items of VOD content;

(1.5)    receiving, by the processor, a criteria to sort the two or more items of VOD content, wherein the criteria is associated with three or more metadata characteristics, wherein the metadata characteristics include one or more of a location at which the content was created, a time at which the content was created, or a genre associated with the content; and

(1.6)    providing, by the processor, a first view of two or more thumbnails associated with each of the sorted two or more items of VOD content based on the metadata characteristic and criteria, wherein the first view includes two or more thumbnails associated with the two or more items of VOD content, and wherein the first view is sorted based on at least three of the metadata characteristics.

144.    By way of example, and again without limitation, LG has directly infringed the '527 Patent, and continues to do so, by providing a device that is capable of performing or allows a user to perform a method that infringes Claim 1. For example, with respect to Claim 1, the Accused Products are televisions with a memory operable to store video-on-demand (VOD) content and a processor in communication with the memory. Upon information and belief, the

processor executes a VOD data service that: (1) receives content for two or more items of VOD content (*e.g.*, shows or movies accessible through the VOD service); (2) determines metadata characteristics for the VOD content; (3) creates a file for each item of VOD content; stores the metadata characteristics with the content in the file for each of the two or more items of VOD content; and (4) receives a criteria to sort the two or more items of VOD content, wherein the criteria is associated with three or more metadata characteristics, such as the genre of the VOD content. The Accused Products also provide a first view of two or more thumbnails associated with each of the two or more items of VOD content based on the metadata characteristic and the criteria, wherein the first view includes two or more thumbnails associated with the two or more items of VOD content, and wherein the first view is sorted based on at least three of the metadata characteristics.

145.    Upon information and belief, LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '527 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, LG had or should have had actual knowledge of the '527 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which LG was aware and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '527 Patent, LG routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the '527 Patent. On information and belief, LG has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of

the '527 Patent.

146.    LG itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims of the '527 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '527 Patent, that constitute a material part of the invention(s) claimed in the '527 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '527 Patent.

147.    As a consequence of each of LG's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '527 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

148.    Upon information and belief, as set forth in detail above, LG's infringement of the '527 Patent been willful.

### XV. COUNT TEN - (Infringement of U.S. Patent No. 9,055,255)

149.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

150.    LG, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '255 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing devices and methods protected thereby within the United States and within this district. LG has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, LG has directly infringed at least claim 1 of the '255 Patent.

151.    For example Claim 1 provides:

(1.0)    A method of presenting a user interface implemented on an intelligent television (TV), comprising:

(1.1)    running, via a processor associated with the intelligent television, a live TV application, wherein the live TV application is configured to control one or more interactive user functions of the intelligent TV;

(1.2)    presenting, substantially simultaneously via a display of the intelligent TV, live TV broadcast content, wherein the live TV broadcast content is presented to a first portion of the display, wherein the first portion of the display includes substantially an entire area of a screen of the TV;

(1.3)    receiving a first live TV application input at the intelligent TV;

(1.4)    determining, by the processor and in response to receiving the first live TV application input, a first live TV application feature to present via the display, wherein the one or more interactive user functions of the intelligent TV are controlled via the first live TV application feature;

(1.5)    presenting, via the display, the first live TV application feature to a second portion of the display, wherein the second portion of the display overlaps at least a portion of the first portion of the display, wherein the second portion of the display includes less than the entire area of the screen of the TV, and wherein at least part of the second portion is either transparent or translucent;

(1.6)    receiving a home screen input at the intelligent TV;

(1.7)    determining, by the processor and in response to receiving the home screen input, a global panel feature to present via the display, wherein the one or more interactive user functions of the intelligent TV are controlled via the global panel feature; and

(1.8)    presenting, via the display, the global panel feature to a third portion of the display, wherein the third portion of the display overlaps at least a portion of the first portion of the display, wherein the third portion of the display includes less than the entire area of the screen of the TV, wherein at least part of the third portion of the display is either transparent or translucent, and wherein a first location of the third portion of the display is different from a second location of the second portion of the display.

152.    By way of example, and again without limitation, LG has directly infringed the '255 Patent, and continues to do so, by providing a device that is capable of performing or allows a user to perform a method that infringes Claim 1. For example, with respect to Claim 1, the Accused Products are televisions that are capable of receiving input (*e.g.*, pressing different

directions (such as "up" or "right") on the remote control or pressing the "home" button) while displaying TV content. Upon receiving an input, the Accused Products display an application panel interface that identifies at least one of a content source and content information associated with the content currently being displayed or, alternately, upon receiving an input from the "home" button, the Accused Products display a global panel, wherein each of the panels are displayed in different portions of the Accused Products' screen, and wherein each of the panels is at least partially translucent or transparent, allowing the continued display of the TV content being shown.

153.    Upon information and belief, LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '255 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, LG had or should have had actual knowledge of the '255 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which LG was aware and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '255 Patent, LG routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the '255 Patent. On information and belief, LG has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '255 Patent.

154.    LG itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims

of the '255 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the '255 Patent, that constitute a material part of the invention(s) claimed in the '255 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '255 Patent.

155.    As a consequence of each of LG's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '255 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

156.    Upon information and belief, as set forth in detail above, LG's infringement of the '255 Patent been willful.

**XVI. COUNT ELEVEN - (Infringement of U.S. Patent No. 9,185,325)**

157.    Multimedia realleges and incorporates by reference each of the preceding paragraphs.

158.    LG, by itself and/or through its subsidiaries, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '325 Patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing devices and methods protected thereby within the United States and within this district. LG has been engaged in direct infringement activities with respect to at least the Accused Products. By way of example, and without limitation, LG has directly infringed at least claim 1 of the '325 Patent.

159.    For example Claim 1 provides:

(1.0)    A method for providing video-on-demand (VOD) in an intelligent television, the method comprising:

(1.1)    providing, by a processor of the intelligent television, a first catalog view including at least three different items of VOD content on a display of the intelligent television, wherein each of the at least three different items of VOD content have a watched status comprising one of a not watched status, a partially watched status, and a fully watched status;

(1.2)    providing, with the first catalog view, a first user interface device displayed on the display of the intelligent television to sort the at least three different items of VOD content by the watched status;

(1.3)    receiving a first selection of the first user interface device to sort the at least three different items of VOD content of the first catalog view based on a first one of the not watched status, the partially watched status, and the fully watched status, wherein the first user interface device is used to select between the three watched statuses;

(1.4)    providing a second catalog view of one or more different items of VOD content each with the first one of the not watched status, the partially watched status, and the fully watched status, wherein the first user interface device is displayed with the second catalog view;

(1.5)    receiving a second selection of the first user interface device to sort the at least three different items of VOD content of the first catalog view based on a second one of the not watched status, the partially watched status, and the fully watched status; and

(1.6)    providing a third catalog view of one or more different items of VOD content each with the second one of the not watched status, the partially watched status, and the fully watched status.

160.    By way of example, and again without limitation, LG has directly infringed the '325 Patent, and continues to do so, by providing a device that is capable of performing or allows a user to perform a method that infringes Claim 1. For example, with respect to Claim 1, the Accused Products are televisions with a memory operable to store video-on-demand (VOD) content; a display; and a processor in communication with the memory and the display. The Accused Products display (for example, without limitation, via the pre-installed Netflix application), a user interface provides a first catalog view including at least three different items of VOD content. Each of the at least three different items of VOD content have a watched status comprising one of a not watched status, a partially watched status, and a fully watched status, as indicated by the icons on, for example, the preinstalled Netflix application. The first catalog

view includes a first user interface device displayed to sort the at least three different items of VOD content by the watched status, and the Accused Products are capable of receiving a first selection of the first user interface device to sort the at least three different items of VOD content of the first catalog view based on a first one of the not watched status, the partially watched status, and the fully watched status. Upon selecting between the three watched statuses, the Accused Products provide a second catalog view of one or more different items of VOD content each with the first one of the not watched status, the partially watched status, and the fully watched status, wherein the first user interface device is displayed with the second catalog view.

161.    Upon information and belief, LG, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '325 Patent by users of the Accused Products pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: making, selling, offering to sell, and importing the Accused Products, and though activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products. Upon information and belief, LG had or should have had actual knowledge of the '325 Patent at least because it relates to the same field of subject matter as Flex's Patent Publication No. US 2014/0059599 A1, of which LG was aware and cited during prosecution of LG's patents, and because in the course of developing technology and applying for patents in the same fields as the Jamdeo joint venture, Hisense's VIDAA TV, and/or the '325 Patent, LG routinely monitored patents, patent applications, and non-patent literature related to those fields, and the positive press associated with the same, including the '325 Patent. On information and belief, LG has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '325 Patent.

162.    LG itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of the Accused Products of claims

of the '325 Patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by making, selling, offering to sell, and/or importing or exporting one or more components of the Accused Products used to practice one or more claims of the'325 Patent, that constitute a material part of the invention(s) claimed in the '325 Patent, and that have no substantial non-infringing use, with knowledge that such components are especially made or adapted for use in infringing the '325 Patent.

163.    As a consequence of each of LG's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '325 Patent, Multimedia has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

164.    Upon information and belief, as set forth in detail above, LG's infringement of the '325 Patent been willful.

## JURY DEMAND

165.    Multimedia requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Multimedia respectfully requests that the Court enter judgment against LG:

A.    Determining that LG has infringed one or more claims of the '254 Patent;

B.    Ordering LG to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of LG's infringement of the '254 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

C.    Declaring that LG's infringement of the '254 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

D.    Determining that LG has infringed one or more claims of the '291 Patent;

E.    Ordering LG to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of LG's infringement of the '291 Patent, together

with pre and post judgment and interest and costs as fixed by the Court;

F.      Declaring that LG's infringement of the '291 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

G.      Determining that LG has infringed one or more claims of the '168 Patent;

H.      Ordering LG to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of LG's infringement of the '168 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

I.      Declaring that LG's infringement of the '168 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

J.      Determining that LG has infringed one or more claims of the '174 Patent;

K.      Ordering LG to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of LG's infringement of the '174 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

L.      Declaring that LG's infringement of the '174 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

M.      Determining that LG has infringed one or more claims of the '040 Patent;

N.      Ordering LG to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of LG's infringement of the '040 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

O.      Declaring that LG's infringement of the '040 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

P.      Determining that LG has infringed one or more claims of the '384 Patent;

Q.      Ordering LG to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of LG's infringement of the '384 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

R.      Declaring that LG's infringement of the '384 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

S.      Determining that LG has infringed one or more claims of the '003 Patent;

T.      Ordering LG to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of LG's infringement of the '003 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

U.      Declaring that LG's infringement of the '003 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

V.      Determining that LG has infringed one or more claims of the '805 Patent;

W.  Ordering LG to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of LG's infringement of the '805 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

X.  Declaring that LG's infringement of the '805 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

Y.  Determining that LG has infringed one or more claims of the '527 Patent;

Z.  Ordering LG to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of LG's infringement of the '527 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

AA.  Declaring that LG's infringement of the '527 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

BB.  Determining that LG has infringed one or more claims of the '255 Patent;

CC.  Ordering LG to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of LG's infringement of the '255 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

DD.  Declaring that LG's infringement of the '255 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

EE.  Determining that LG has infringed one or more claims of the '325 Patent;

FF.  Ordering LG to account for and pay to Multimedia all damages suffered by Multimedia as a consequence of LG's infringement of the '325 Patent, together with pre and post judgment and interest and costs as fixed by the Court;

GG.  Declaring that LG's infringement of the '325 Patent was and is willful and trebling Multimedia's damages under 35 U.S.C. § 284 on that ground;

HH.  Ordering that LG be ordered to pay supplemental damages to Multimedia, including interest, with an accounting, as needed, of all infringements and/or damages not presented at trial;

II.  Declaring that this case is exceptional and awarding Multimedia its costs and attorney's fees in accordance with 35 U.S.C. § 275;

JJ.  Ordering a permanent injunction prohibiting LG from further acts of infringement; and

KK.  Granting Multimedia such other and further relief as the Court may deem just and proper.

Dated:  December 23, 2022                      Respectfully submitted,


                                               */s/ Robert Christopher Bunt*

                                               Timothy K. Gilman
                                               (*pro hac vice* to be filed)
                                               Saunak K. Desai
                                               (*pro hac vice* to be filed)
                                               Gregory R. Springsted
                                               (*pro hac vice* to be filed)
                                               STROOCK & STROOCK & LAVAN LLP
                                               180 Maiden Lane
                                               New York, NY 10038-4982
                                               Tel: (212) 806-5400
                                               Fax: (212) 806-6006
                                               Email: tgilman@stroock.com
                                               Email: sdesai@stroock.com
                                               Email: gspringsted@stroock.com

                                               Robert Christopher Bunt
                                               Texas Bar No. 00787165
                                               PARKER, BUNT & AINSWORTH PC
                                               100 E. Ferguson St., Suite 418
                                               Tyler, Texas 75702
                                               Telephone: (903) 531-3535
                                               Email: rcbunt@pbatyler.com

                                               *Attorneys for Plaintiff Multimedia*