IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MULTIMEDIA TECHNOLOGIES PTE. LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> LG ELECTRONICS INC. and LG ELECTRONICS USA, INC., <br><br> *Defendant*. | § § § § § § § § § Case No. 2:22-cv-00494-JRG-RSP |

**REPORT AND RECOMMENDATION**

Before the Court is Defendants LG Electronics Inc. and LG Electronics USA, Inc.'s Motion to Dismiss Complaint for Failure to State a Claim. (**Dkt. No. 24**.) For the reasons that follow, the motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

**I.    APPLICABLE LAW**

A party may move to dismiss an action when the complaint fails "to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). A complaint states a sufficient claim if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (citations omitted).

When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then

decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

## II.   ANALYSIS

LG argues that Multimedia has failed to state a claim as to direct, indirect, or willful infringement. (Mot. at 2-3.) LG contends that Multimedia merely parrots the same legal conclusion for all assertions of direct infringement, provides no factual basis for indirect infringement, and provides no support for willful infringement. (Mot. at 4.)

### A.  DIRECT INFRINGEMENT

LG argues that Multimedia's complaint fails as to direct infringement on three grounds: 1) Multimedia did not provide an effective element-by-element pleading; 2) Multimedia only pleaded certain accused devices were capable of infringing method claims and not that LG performed any infringing method; and 3) the complaint asserts infringement of products older than the patents. (Mot. at 6-23.)

LG contends that Multimedia's complaint omits several limitations as to all patents, merely parrots the claim language as to others, and in others still provides factual assertions too vague to support the assertions in its complaint. (Mot. at 6-18.) In its motion and an accompanying exhibits,

LG identifies a variety of limitations or portions of limitations it alleges Multimedia's complaint does not discuss. (*Id*. at 6-11.) Citing cases outside of this district, LG contends "courts routinely dismiss claims that fail to address all limitations of an asserted claim as being inadequately pled." (*Id*. at 6.) LC further cites *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) that a "mere conclusory statement" cannot support a claim of infringement without accompanying factual allegations. (*Id*. at 12, 17.)

LG further complains of Multimedia's allegations regarding method claims. (*Id*. at 18-21.) LG contends an assertion that "LG has directly infringed the [Asserted] Patent, and continues to do so, by providing a device capable of performing or that allows a user to perform the method of Claim 1" is deficient. (*Id*. at 19.) LG contends that because method claims are not infringed by the sale of capable products, only by practicing the method, Multimedia's assertions are deficient. (*Id*.) LG likewise argues Multimedia's assertion of LG's "making, having made, using, selling, offering for sale, and/or importing systems and methods…" is insufficient as Multimedia offers no factual support for its contention that LG is "using" and that, at minimum, the Court should dismiss allegations that making and sale infringe the method claims. (*Id*. at 20-21.)

LG complains of the allegations that "since 2014, the LG webOS operating system .. . has been installed on LG Smart TVs" and the assertion that all versions of the LG webOS infringe. (*Id*. at 21.) LG contends because several of the asserted patents did not issue until after 2015, such allegations should be dismissed. (*Id*. at 22.)

In response, Multimedia argues that LG misconstrues the law. (Opp. at 7-8.) Multimedia cites *Blitzsafe Tex. LLC v. Volkswagen Grp of Am., Inc.,* No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *4 (E.D. Tex. Feb. 16, 2016) that "asking the plaintiff to provide an element-by-element analysis of the accused device in the complaint does not advance the goals of the Federal

3

Rules of Civil Procedure. (*Id*. at 7.) Multimedia further distinguishes *Chapterhouse*, arguing there the complaint provided only a single conclusory statement that referred to a screenshot without explanation, whereas Multimedia has done significantly more here. (*Id*. at 7-8.) Multimedia argues it "identified the category of devices and technology that make up the Accused products" and "for each count it alleges, Multimedia identifies the ways by which those Accused Products infringe the relevant patent." (*Id*. at 8.)

Multimedia further responds that its allegations of use are sufficient for the method claims. (*Id*. at 9.) Multimedia contends that LG uses its own Smart TVs for testing, marketing, and other purposes. (*Id*.) Multimedia also cites *Akamai v. Limelight Network*, 797 F.3d 1020 (Fed. Cir. 2015) (*en banc*), arguing that LG is also liable for direct infringement where all steps of a claimed method are attributed to LG. (*Id*.)

Further, Multimedia contends LG's argument regarding old product versions goes to damages and is best resolved during the course of discovery and is not a matter of sufficiency to be decided here. (*Id*. at 9-10.)

Multimedia also argues that its infringement contentions moot LG's argument that it should provide element-by-element allegations in its complaint. (*Id*. at 10-12.) LG replies to this argument contending that Multimedia is limited to its complaint for this issue and cannot point to external documents to meet its pleading burden. (Reply at 5-7.)

The Court finds that Multimedia has provided sufficiently definite allegations of infringement. The rules do not require an element-by-element analysis in the complaint. *See Blitzsafe Tex. LLC v. Volkswagen Grp of Am., Inc.,* No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *4 (E.D. Tex. Feb. 16, 2016). With this background, LG's complaints largely fall away. Multimedia has identified the products it alleges infringe, the processes by which

Multimedia believes they infringe, and some tying of those processes to the language of the claims. This satisfies the requirement of "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1]

Likewise, the Court finds Multimedia's allegations of "use" of the method claims is sufficient. In light of the discussion Multimedia includes as to what processes infringe, Multimedia's allegation of "use" is sufficiently clear to support its complaint.

Further, the Court finds that LG is correct that products in use prior to the issuance of the patents cannot infringe. As such, it is appropriate for this Court to dismiss claims as to such products.[2]

### B.  INDIRECT AND WILLFUL INFRINGEMENT

LG contends, in addition to failing to plead direct infringement, Multimedia fails to sufficiently plead the knowledge and intent requirements of indirect and willful infringement. (Mot. at 23-29.)

LG contends Multimedia's allegations of knowledge based on LG's patent prosecution practices and LG's patent monitoring practices is deficient. (*Id*. at 24.) LG contends such mere speculation is not an allegation that LG has knowledge of the asserted patents that might support Multimedia's indirect and willfulness claims. (*Id*. at 24-25.) LG further contends that Multimedia's single conclusory allegations of knowledge of infringement is also insufficient. (*Id*. at 25.)

---

[1] This should be clear in light of the no longer binding Form 18 in the Appendix of the Federal Rules of Civil Procedure. Form 18 is a sample complaint for patent infringement consisting of only a few paragraphs and showing how simply a claim can be stated. *Estech Sys., Inc. v. Target Corp.*, No. 220CV00123JRGRSP, 2020 WL 6534094, at *3 (E.D. Tex. Aug. 27, 2020), report and recommendation adopted, No. 220CV00123JRGRSP, 2021 WL 966017 (E.D. Tex. Mar. 12, 2021)

[2] This ruling is limited in that infringement is impossible prior to issuance. It should not be construed as a finding that the products do not practice the patent, that information regarding the products prior to the issuance of the patents is or is not discoverable, or that the products can constitute prior art. Such issues are separate.

LG also contends Multimedia fails to provide sufficient allegations of specific intent to infringe for induced infringement. (*Id*. at 25-27.) LG contends that Multimedia's single conclusory statement that LG had specific intent and generalized allegations that "selling, marketing, advertising, promotion, support, and distribution of the Accused Products" are insufficient as a matter of law. (*Id*. at 26-27.)

LG likewise contends Multimedia has failed to plead an absence of substantial non-infringing use needed to support contributory infringement. (*Id*. at 27-29.) Here too, LG contends Multimedia has only a single conclusory allegation that there are no substantial non-infringing uses. (*Id*. at 28.)

Finally, LG contends Multimedia's allegations of willful infringement are not supported by any allegation of knowledge of the patent or of the malicious nature of the alleged infringement. (*Id*. at 29.)

Multimedia first responds that for a motion to dismiss, service of the Complaint to establish knowledge for indirect infringement is effective as pre-suit and post-filing are not separated at this stage. (Opp. at 13-14.) Multimedia also contends that its pre-suit allegations of knowledge are themselves sufficient. (*Id*. at 15.) Multimedia contends that the allegations LG contends are "speculative" have been found sufficient in other cases. (*Id*. (citing *Soverain IP, LLC v. Microsoft Corp.*, No. 2:17-cv-00204-RWS-RSP, 2018 WL 1465792, at *2 (E.D. Tex. Mar. 26, 2018)).)

Multimedia also contends "it is not necessary to provide detailed factual support for each and every element of inducement." (*Id*. at 16 (citing *InMotion Imagery Techs. V. Brian Damage Filsm*, No. 2:11-cv-414-JRG, 2012 WL 3283371, at *3).) Multimedia argues this is because Rule 9(b) provides "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." (*Id*. at 17.) Multimedia further argues that its allegations of specific intent are supported

6

by more than a single conclusory allegation. (*Id*. at 17.) It contends that a plaintiff does not need to identify the way in which the selling, marketing, advertising, etc., "specifically instructed customers, which customers were specifically instructed, or which advertisements [were] published" at the pleading stage. (*Id*. at 18 (citing *Motiva Pats. LLC v. Sony Corp.,* 408 F. Supp. 3d 819, 831-32 (E.D. Tex. 2019)).)

Next, Multimedia argues that its allegations regarding non-infringing uses are sufficient. Multimedia contends that courts have found that it is sufficient to merely plead the absence of such uses and that this Court has held similarly. (*Id*. at 19.) Multimedia argues that its allegations identifying the alleged infringement and identifying the way in which the Accused product allows a user to practice the recited invention is more than sufficient. (*Id*. at 19-20.)

Finally, Multimedia argues that its allegations "that the defendant had knowledge of the patents-in-suit at least as of the date of service of the complaint coupled with allegations that the defendant had knowledge . . . was sufficient to state a claim of willful infringement." (*Id*. at 20 (citing *T-Rex Prop. AB v. Regal Entm't Grp.*, No. 6:16-cv-927-RWS-KNM, 2017 WL 4229372, at *9 (E.D. Tex. Aug. 31, 2017).)

First, the Court finds that Multimedia has sufficiently pleaded LG's knowledge of the patents at issue. LG's complaint that Multimedia's allegations are mere speculation is misplaced. "There is no requirement for [a patentee] to 'prove its case at the pleading stage.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (alteration in original). A pleading based on specific prosecution activities that LG has knowledge of the patents is not so outlandish that the Court will not give it weight at a motion to dismiss stage.

Second, while Multimedia's allegations of intent may be less substantial than "(1) instruction manuals for using the [Accused Products]in an infringing manner; (2) directions to

customers and end-users for using the [Accused Products] in an infringing manner; and (3) advertisements and promotional materials for infringing uses of the [Accused Products]," as in *Motiva*, they are still sufficient here. *See Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 830 (E.D. Tex. 2019). The Court finds that LG's complaint is equivalent to requesting the Court require identification of specific portions of the marketing and advertising Multimedia contends demonstrate LG's intent. Such a requirement has already been rejected by this Court and Rule 9(b) provides intent may be pleaded generally, thus the Court finds that Multimedia's allegations are sufficient.

Likewise, the Court finds Multimedia's contentions as to non-infringing uses is sufficient. The Court finds Multimedia's contentions are similar to those in *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-CV-00172-JRG, 2022 WL 610796, at *6 (E.D. Tex. Jan. 24, 2022). There the Court found the nature of the patented technology and the Accused Products supported the allegation that there were no non-infringing uses. So too here where Multimedia has explained how the Accused Products allow a user to practice the recited invention, such that it is plausible that there are no non-infringing uses.

Last, the Court finds that Multimedia's willfulness allegations are similarly sufficient. As provided above, Multimedia has pleaded knowledge. For malicious intent, Fed. R. Civ. P. 9(b) provides malice and intent may be pleaded generally. The Court will not require Multimedia's complaint to meet a higher bar.

### III. CONCLUSION

For the reasons discussed above, it is **RECOMMENDED** that the motion to dismiss be **GRANTED-IN-PART** as to products in use prior to the issuance of the asserted patents and otherwise **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to the Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 29th day of February, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE