IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MULTIMEDIA TECHNOLOGIES PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS INC. AND LG ELECTRONICS USA, INC., <br><br> Defendants. | Case No. 2:22-CV-00494-JRG-RSP <br><br> JURY TRIAL DEMANDED <br><br> ▬▬▬▬▬▬▬▬ |

**PLAINTIFF MULTIMEDIA TECHNOLOGIES PTE. LTD.'S MOTIONS *IN LIMINE***

# **TABLE OF CONTENTS**

                                                                              **Page**

I.      Multimedia's MIL No. 1: Preclude evidence, testimony, or argument suggesting that Multimedia improperly delayed filing suit against LG or was required to notify LG before filing suit. ...................................................................................................1

II.     Multimedia's MIL No. 2: Preclude evidence, testimony, or argument relating to non-comparable settlement agreements. ...............................................................................2

III.    Multimedia's MIL No. 3: Preclude fact testimony from Defendants' trial witnesses concerning matters outside their personal knowledge..........................................4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Carter v. Trinity Event Staffing*,
 No. 3:16-cv-1554-N-BN, 2018 WL 4189707 (N.D. Tex. Aug. 7, 2018) ................................... 5

*Hobbs v. Petroplex Pipe & Construction, Inc.*,
 No. MO:17-CV-00030-DC, 2018 WL 3603076 (W.D. Tex. June 20, 2018) ........................... 5

*Lucent Technologies, Inc. v. Gateway, Inc.*,
 580 F.3d 1301 (Fed. Cir. 2009) ................................................................................................ 3

*SCA Hygiene Products Aktiebolag v. First Quality Baby Productss, LLC*,
 580 U.S. 328 (2017) ................................................................................................................ 1

*TXI Operations, LP v. City of Mckinney, Texas*,
 Ca. No. 4:20-cv-353, Ca. No 4:20-cv-609, 2023 WL 161942 (E.D. Tex. Jan. 11, 2023) ................................................................................................................................. 5

*Union Pump Co. v. Centrifugal Tech. Inc.*,
 404 F. App'x 899 (5th Cir. 2010) ............................................................................................. 5

**Statutes**

35 U.S.C. § 281 ............................................................................................................................... 1

35 U.S.C. § 286 ............................................................................................................................... 2

**Other Authorities**

Federal Rule of Civil Procedure 30(b)(6) ...................................................................................... 5

Federal Rule of Civil Procedure 32(a)(3) ...................................................................................... 5

Federal Rule of Evidence 602 ........................................................................................................ 5

Plaintiff Multimedia Technologies Pte. Ltd ("Plaintiff" or "Multimedia") respectfully moves *in limine* to exclude the following evidence and argument:

**I.  Multimedia's MIL No. 1: Preclude evidence, testimony, or argument suggesting that Multimedia improperly delayed filing suit against LG or was required to notify LG before filing suit.**

There is no restriction on the timing of enforcement of a patent holder's rights during the life of a patent. Rather, 35 U.S.C. § 281 simply provides that "[a] patentee shall have remedy by civil action for infringement of his patent." Nor is there any requirement in law or equity that a patent holder must provide written notice of infringement prior to filing a lawsuit. As a result, any suggestion by LG that Multimedia was required to, or should have, provided prior notice to LG of its infringement is incorrect as a matter of law, and likely to confuse the jury by suggesting that Multimedia somehow improperly brought this lawsuit *without* providing notice. But LG is currently proposing to introduce testimony that does exactly that, such as the following excerpts from the deposition of Plaintiff's employee Brad Close:

- ████████████████████████████████████████

- ████████████████████████████████████████

Ex. A (Brad Close Dep. Tr.) at 39:24-40:3; 100:19-23. The only reasonable inference of LG's proposed testimony on this record is to suggest that Multimedia's filing of this litigation without providing notice was somehow improper or underhanded, but such matters are entirely irrelevant to whether LG infringes the claims of the Asserted Patents. Nor is this line of questioning relevant, given that laches is no longer a relevant defense to patent infringement, and given that Multimedia is no longer pursuing claims of pre-suit willfulness or pre-suit induced infringement. *See SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 346 (2017) ("Laches

1

cannot be interposed as a defense against damages where the infringement occurred within the period prescribed by [35 U.S.C.] § 286"); Dkt. 144 at 8 (conceding summary judgement as to pre-suit willful and indirect infringement). LG should be precluded from offering prejudicial arguments, testimony, or evidence concerning any lack of notice or delay in filing this litigation.

   II.   **Multimedia's MIL No. 2: Preclude evidence, testimony, or argument relating to non-comparable settlement agreements.**

Both Multimedia's and LG's damages experts agree that certain ▮▮▮▮ settlement agreements are non-comparable such that they are not relevant to the hypothetical negotiation in this litigation. As a result, those agreements and related testimony or argument should be excluded. LG contends that the agreements remain relevant as to the *form* of licensing agreement ▮▮▮▮, but LG's argument is a red herring given that it refused to even redact the clearly prejudicial and otherwise irrelevant aspects of those agreements—▮▮▮▮ ▮▮▮▮—during the parties' meet and confer. The clear import of LG's position is that LG wants to present the admittedly non-comparable and irrelevant settlement amounts ▮▮▮▮ ▮▮▮▮ to skew the damages horizon for the jury. That is impermissible and LG should be precluded from doing so.

Specifically, ▮▮▮▮ two patent license agreements during discovery, both of which the parties' experts agree are non-comparable:



   **(1)** ▮▮▮▮ and

   **(2)** ▮▮▮▮ (collectively, the "Non-Comparable Agreements").

Multimedia's damages expert, Mr. Blok, opined that both agreements are non-comparable to the hypothetical negotiation in this litigation. Ex. B at ¶ 102 (relying on ▮▮▮▮

). LG's damages expert, ▇▇▇▇▇▇▇, found the same, stating "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" Ex. C at ¶ 106.  Given that LG's damages expert, ▇▇▇▇▇▇▇▇, and Multimedia's damages expert all agree that these agreements are non-comparable, the Court should exclude evidence, arguments, and testimony related to these agreements.  *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) ("licenses relied on by" a party must be "sufficiently comparable to the hypothetical license at issue in suit").

LG's only counter is to argue that these Non-Comparable Agreements are probative of the *form* of agreement ▇▇▇▇▇▇ and which LG argues should be used for damages here (a lump sum as opposed to a running royalty), but both the record and LG's discovery conduct plainly belies that assertion.  Indeed, ▇▇▇▇▇▇ relies on only two ▇▇▇▇▇▇ agreements, and even he does not opine that they show any preference, but simply that "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Ex. C at ¶ 106 (emphasis added).  And LG's corporate witness testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Ex. D at 31:5-13 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇); 45:12-46:7 (▇▇▇); 46:8-14 (▇▇▇); 46:23-47:10 (▇▇▇). The agreements that ▇▇▇▇▇▇ is relying on are a ▇▇▇▇▇▇ agreements, and that ▇▇▇▇▇▇ fails to demonstrate anything beyond that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ of admittedly Non-Comparable Agreements.  LG should not be permitted to introduce testimony, evidence, or argument concerning these agreements.

3

Finally, even if these agreements were somehow probative of ▮▮▮▮▮ (and they are not), that LG has refused to redact ▮▮▮▮▮ ▮▮▮▮▮ demonstrates LG's true intent— to use these admittedly irrelevant agreements to mislead the jury as to the appropriate damages amount in this case. At a minimum, to the extent the admittedly Non-Comparable Agreements are admitted into the record, the ▮▮▮▮▮ (which offer nothing probative as to agreement *format*) should be redacted and not offered to the jury, as they serve no legitimate purpose.

### III. Multimedia's MIL No. 3: Preclude fact testimony from Defendants' trial witnesses concerning matters outside their personal knowledge.

As Multimedia explained in detail in its co-pending motions to strike,[3] LG's expert witnesses in this litigation relied on conversations and testimony provided by a number of LG ▮▮▮▮▮ who were not properly disclosed during discovery and who have not sat for a deposition.[4] None of these individuals are on LG's trial witness list, which includes only two LG ▮▮▮▮▮ ▮▮▮▮▮.[5] Nor could LG introduce testimony from these individuals in any event, given that they were not timely disclosed. Multimedia's motions to strike address improper testimony by LG's experts based on conversations with these ▮▮▮▮▮ ▮▮▮▮▮, but it is equally true that LG's trial witnesses should also be precluded from parroting the same late-disclosed facts and opinions at trial, given that they are plainly outside the personal knowledge of LG's trial witnesses. And the risk of such improper testimony is especially acute

---

[1] Ex. E at § 2.5.
[2] Ex. F at § 3.1.
[3] *See* Dkt. 129 at 5-7; Dkt. 130 at 5-7; and Dkt. 131 at 2-5.
[4] Specifically, LG's Dr. Terveen relies on ▮▮▮▮▮ (*see* Ex. H at ¶¶ 312-326; Ex. J at ¶¶ 116-128); LG's Dr. Schonfeld relies on ▮▮▮▮▮ ▮▮▮▮▮ (*see* Ex. G at ¶¶ 76, 96, 121, 137, 155, and 178; Ex. I at ¶¶ 280-299); and ▮▮▮▮▮ (*see* Ex. C at ¶¶ 171, 212-217) (collectively, the ▮▮▮▮▮).
[5] Ex. K (Trial Witness List).

here, where ███████ ███████ have been relied on by LG and its experts in this litigation, but LG has now committed to bringing only a single corporate witness to trial.

As the Fifth Circuit held in *Union Pump Co. v. Centrifugal Tech. Inc.*, "a corporate representative may not testify to matters outside his personal knowledge to the extent that information is hearsay not falling within one of the authorized exceptions." 404 F. App'x 899, 907-08 (5th Cir. 2010) (internal citations omitted). As *Union Pump* explained, while "Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an adverse party to use that deposition testimony during trial," "Federal Rule of Evidence 602 limits the scope of a witness's testimony to matters that are within his or her personal knowledge" at trial. *Id.* at 907. LG is not bringing any of its ███████████████ to trial, and as a result, it is academic that LG's actual trial witnesses cannot serve as a vessel through which to merely pass along the information the ███████████████ provided to LG's expert witnesses.

And courts in this district and elsewhere have repeatedly applied *Union Pump* to prevent a Rule 30(b)(6) witness from doing exactly that—providing trial testimony on matters outside their personal knowledge under Rule 602. *See TXI Operations, LP v. City of Mckinney, Texas*, Ca. No. 4:20-cv-353, Ca. No 4:20-cv-609, 2023 WL 161942, at *7 (E.D. Tex. Jan. 11, 2023) ("[A] corporate representative cannot testify as to information he or she obtained merely from conversations with others in the organization."); *see also Carter v. Trinity Event Staffing*, No. 3:16-cv-1554-N-BN, 2018 WL 4189707, at *2 (N.D. Tex. Aug. 7, 2018) (Horan, MJ.); *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2018 WL 3603076, at *3 (W.D. Tex. June 20, 2018). There is no reason that ███████████ should be permitted to skirt this rule and provide hearsay testimony from the ███████████████

5

Nor can there be any argument that the relevant facts provided by LG's ▮▮▮ ▮▮▮ came from their own knowledge and not from ▮▮▮ knowledge. LG's technical experts (Dr. Schonfeld and Dr. Terveen) spoke with and relied upon ▮▮▮ *in addition to* the ▮▮▮, and the clear implication of LG having brought in these additional ▮▮▮ is that ▮▮▮ lacked their same knowledge. *Compare* Ex. G at ¶ 96 (▮▮▮) *with id.* at ¶ 76 (▮▮▮); *compare* Ex. H at ¶ 316 ▮▮▮) *with id.* at ¶ 313 ▮▮▮). If ▮▮▮ had personal knowledge of the facts attributed to ▮▮▮, and others, there would have been no need to speak with those other individuals at all. The same is true for LG's damages expert—▮▮▮ likewise relied on conversations with both ▮▮▮ and the undisclosed ▮▮▮. Ex. C at ¶ 171 ▮▮▮). Clearly, ▮▮▮ had knowledge regarding surveys that ▮▮▮ was unable to provide, and which ▮▮▮ should not now be permitted to simply parrot in ▮▮▮ absence.

The risk of improper testimony is especially acute here, where LG has presently committed only to bringing a single corporate witness to trial ▮▮▮, where LG's exhibit list includes only one additional employee ▮▮▮ as a "may call" witness, and where Multimedia has moved to strike reliance on the testimony of now-absent witnesses. LG should not be permitted to remedy its prior failures to disclose relevant witnesses by simply educating its trial witnesses on information that is outside their personal knowledge. As a result, ▮▮▮ (to the extent he appears to testify) should be precluded from offering such testimony.

6

Accordingly, for the foregoing reasons, Multimedia respectfully requests that that the Court grant these motions in limine and order that no evidence within the scope of these motions should be presented to the jury at trial.

Dated: September 30, 2024

Respectfully submitted,

/s/ Robert Christopher Bunt

Timothy K. Gilman *(admitted pro hac vice)*
Christopher M. Gerson *(admitted pro hac vice)*
Robert S. Pickens *(admitted pro hac vice)*
SCHULTE ROTH & ZABEL LLP
919 Third Ave
New York, NY 10022
Tel: (212) 756-2000
Fax: (212) 593-5955
Email: tim.gilman@srz.com
Email: chris.gerson@srz.com
Email: robert.pickens@srz.com

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Email: rcbunt@pbatyler.com

*Attorneys for Plaintiff Multimedia Technologies Pte. Ltd.*

7

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on September 30, 2024, a true and correct copy of the foregoing response was served on all counsel of record who have appeared in this case via email per Local Rule CV-5.

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order enter in this case.

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt

## CERTIFICATE OF CONFERENCE

I hereby certify that that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). Plaintiff's motion is opposed by Defendants. The conference was conducted on September 26, 2024 via telephone conference. Participants in the conference for Plaintiff were Robert S. Pickens, Erika Simonson, and Charles Ainsworth. No agreement could be reached on the issues relating to this motion, however, the parties will continue to meet and confer and will advise the court promptly if any agreements are reached. Discussions have conclusively ended in an impasse, leaving open issues for the Court to resolve.

/s/ *Timothy K. Gilman*
Timothy K. Gilman

/s/ *Robert Christopher Bunt*
Robert C. Bunt