IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MULTIMEDIA TECHNOLOGIES PTE. LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> LG ELECTRONICS INC. and LG ELECTRONICS USA, INC., <br><br> *Defendant.* | § § § § § § § § § § §  Case No. 2:22-cv-00494-JRG-RSP |

## ORDER

Before the Court is Defendants' Motion to Compel response to Interrogatory No. 15 and Production of Related Documents. **Dkt. No. 84**. For the reasons that follow, the motion is **DENIED**.

I.  ANALYSIS

LG seeks to compel Multimedia to supplement its interrogatory response regarding three categories of information. LG seeks the licensing negotiations and communications surrounding a recent executed license agreement for the asserted patents, documents relating to settlement and licensing agreements or negotiations with third parties involving the asserted patents, and offers to license or sell the asserted patents.

LG argues Multimedia is required to produce the communications regarding a recently entered and produced license and that they are not protected from discovery under Rule 408. LG points to *In re MSTG*, 675 F.3d 1337, 1346 (Fed. Cir. 2012) as rejecting this precise position.

LG also argues it has not received basic assurances from Multimedia that it has provided full discovery relating to actual licensing agreements entered into prior to the patents being

purchased by Multimedia. LG also requests the negation communications to these agreements as well. LG contends Multimedia has access to such agreements under the terms of its patent purchase agreement which obligates the seller to cooperate in providing discovery.

Last, LG requests information on offers to license. LG contends such is relevant when considering commercial value, citing out-of-circuit precedent. LG contends the same regarding offers to sell.

In response, Multimedia has produced the recently executed license. Multimedia contends that courts in this district have held that discovery into negotiations is not warranted in most cases and there is nothing unique in this case to support an exception. Multimedia contends the same is true of unconsummated offers or negotiations related to the asserted patents.

Last, Multimedia contends the request as to prior licenses by previous owners is moot. Multimedia faults LG for failing to serve a subpoena on the prior owner and argues there is no basis to suggest it has access to the prior owner's materials. Multimedia also contends that it has forwarded LG's requests to the prior owner with instructions to treat that request as if made by LG.

The Court is unconvinced that discovery into license negotiations is appropriate here— LG has not satisfied their burden to show that this case is exceptional in this regard.

LG's motion as to prior licenses is more convincing. However, Multimedia appears to now have made every effort to provide LG with such agreements and provided LG with the assurance that it has. Based on Multimedia's representations, the Court **DENIES** this portion of LG's motion as moot.

## II.     CONCLUSION

For the reasons discussed above, the motion is **DENIED**.

**SIGNED this 18th day of December, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE