IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MULTIMEDIA TECHNOLOGIES PTE. LTD., <br><br>*Plaintiff*, <br><br> v. <br><br> LG ELECTRONICS INC. and LG ELECTRONICS USA, INC., <br><br> *Defendants*. | § § § § § § § § § § § Case No. 2:22-cv-00494-JRG-RSP |

### MEMORANDUM ORDER

Before the Court is the Motion to Strike Portions of the Expert Report of Loren Terveen, filed by Plaintiff Multimedia Technologies Pte. Ltd.. **Dkt. No. 129**. For the reasons discussed below, the Motion is **GRANTED-IN-PART**.

### I. BACKGROUND

On December 23, 2022, Plaintiff Multimedia filed suit against Defendants LG Electronics Inc. and LG Electronics USA, Inc. asserting (as is relevant to the instant Motion) that Defendants infringe five of their patents: U.S. Patent Nos. 9,055,254; 9,055,255; 9,247,174; 9,510,040; and 10,419,805.[1] Dkt. No.1 at 1; Dkt. No. 125 at 1-2.

On December 20, 21, and 22, 2023, Defendants filed petitions for *Inter Partes* Review of some of the asserted patents in this lawsuit with the Patent Trial and Appeal Board. IPR2024-00351; IPR2024-00352; IPR2024-00353; IPR2024-00354. Both Defendants were named as Petitioners and as real parties-in-interest in each IPR proceeding. Dkt. No. 71 at. 1 The table below

---

[1] On January 8, 2025, Plaintiff filed a notice with the Court in which they elected to not assert U.S. Patent Nos. 9,185,325; 9,237,291; 9,426,527; 9,578,384; and 9,820,003 in this case. Dkt. No. 231. Accordingly, the Court does not address arguments directed to these patents.

indicates the IPR number, challenged patent number, and challenged claims of the respective petitions filed before the PTAB:

| IPR Number | Asserted Patent Number | Claims Challenged |
|---|---|---|
| IPR2024-00351 | 9,510,040 | 1-6, 11-16, 21-22 |
| IPR2024-00352 | 9,247,174 | 1-14 |
| IPR2024-00353 | 9,247,174 | 1-4, 6, 8-10, 12-17, 19 |
| IPR2024-00354 | 9,247,174 | 1-18 |

*Id.*

On April 19, 2024, Defendants filed *Sotera* stipulations with the Court in which they agreed that if the PTAB institutes an IPR against the above Patents, then "Defendants will not pursue in this litigation the grounds raised or any other grounds that could have reasonably been raised before the PTAB in that instituted proceeding." *Id.* at 2-3. The PTAB has since instituted trial for each IPR. IPR2024-00351, Dkt. No. 49; IPR2024-00352, Dkt. No. 49; IPR2024-00353, Dkt. No. 70; IPR2024-00354, Dkt. No. 55.

Pursuant to paragraphs one and three of the Court's Discovery Order (Dkt. No. 35), Defendants provided Plaintiff a list of, inter alia, persons having knowledge of relevant facts. Dkt. No. 129-18. Defendant subsequently supplemented this disclosure. Dkt. No. 129-19.

On August 20, 2024, Plaintiff filed the instant Motion to Strike. Dkt. No. 129.

## II. APPLICABLE LAW

### A. Expert Testimony Generally

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product

2

of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while

3

exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### B. Expert Testimony and the Federal Rules of Civil Procedure

Despite the above, however, "[e]ven if testimony is reliable, it *may* still be excluded if it relies on information that violates the [Federal] [R]ules [of Civil Procedure]." *Estech Sys. IP, LLC v. Carvana LLC*, No. 2:21-cv-0482, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023) (emphasis added).

### III. ANALYSIS

Plaintiff moves to exclude portions of Dr. Terveen's expert report for two purported deficiencies: (1) that he re-uses references in his report that were brought in the IPRs; and (2) that he relies on undisclosed engineers. *See generally* Dkt. No. 129.

The Court takes each argument up in turn.

### A. Estoppel

In their Motion, Plaintiff argues that Dr. Terveen's invalidity report "attempts to skirt IPR estoppel by purportedly combining the same IPR references already being considered by the PTAB" with a TV[2] (the "Reference TV"). *Id.* at 1. Plaintiff asserts that the Reference TV does not

---

[2] As a physical device, the Reference TV is not something that Defendants could have raised in the IPRs. 35 U.S.C § 311(b) ("A petitioner in an inter partes review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and *only on the basis of prior art consisting of patents or printed publications*.") (emphasis added).

constitute prior art which, therefore, leaves Defendants' IPR references standing alone. *See id.* at 1, 12. Consequently, Plaintiff contends, these sections of Dr. Terveen's report are subject to estoppel for being in violation of Defendants' *Sotera* stipulations. *See id.* at 12-13.

In support of their argument that the Reference TV is not prior art, Plaintiff advances a number of arguments. First, it argues that prior art under pre-AIA § 102(a) is limited to inventions publicly known or publicly used in the United States. *Id.* at 10. They then argue that Defendants have marshalled no evidence to establish that the Reference TV qualifies as such, at least insofar as it does qualify before the priority dates of the relevant asserted Patents. *Id.*

In response to this first point, Defendants counter that they have presented "compelling evidence" establishing this. Dkt. No. 142 at 3. Specifically, they cite to Dr. Terveen's report in which he provides, *inter alia*, two captures from the Internet Archive's Wayback Machine, showing the Reference TV being offered for sale on LG's United States webpage on December 22, 2011 and January 15, 2012.[3] *Id.* (citing Dkt. No. 129-2 at 66).

Second, Plaintiff argues that the Reference TV was not actually acquired by Defendants' counsel until 2023 at the earliest. Dkt. No. 129 at 9. Next, they assert that the TV is updated "over the air" and that Defendants' other invalidity expert—Dr. Schonfeld—admitted that the TV is running on a software version, 5.00.24, that was first released after the priority dates of the '174 Patent and the '040 Patent. *Id.* Plaintiff contends that, because of this, "there is no basis from which to conclude that [the Reference TV], as it was used and analyzed by Dr. Terveen, constitutes prior art." *Id.* Thus, it should be stricken since the general rule is not to allow post-dated refences as evidence for invalidity. *Id.* (citing *Estech*, 2023 WL 3292881, at *12.

---

[3] Either of these dates would establish the Reference TV as prior art as to the asserted Patents. *See* '254 Patent at Cover Sheet; '255 at Cover Sheet; '174 at Cover Sheet; '040 at Cover Sheet; '805 at Cover Sheet.

In response to this second point, Defendants argue that "the relevant interface features and functionality [on the Reference TV] predate [Plaintiff's] earliest potential priority date." Dkt. No. 142 at 1. They explain that the Reference TV is running on SDK (Software Developer Kit) version 1.05, which predates the relevant priority dates and that the "5.00.24" software that Plaintiff mentions is the Reference TV's firmware and device driver software. *Id.* at 4. Defendants assert that firmware and device driver software is very low-level functionality which doesn't affect the user experience, i.e. the user interfaces. *Id.* (citing 142-1 at 88, 98). Thus, Defendants conclude, for purposes of the interface patents in this case, the critical date is that of the SDK software, and Dr. Terveen provides evidence that the version of this software on the Reference TV predates the relevant asserted Patents' priority dates. *Id.*; Dkt. No. 186 at 2 (citing Dkt. No. 129-2 at 64 (citing, in turn, to the webOS developer website showing the version history of the SDK software)).

The Court finds that Plaintiff has not carried its burden to show that striking Dr. Terveen's report is appropriate here. Dr. Terveen has presented sufficient evidence of the Reference TV being on sale, and therefore known, in the United States before the relevant asserted Patents' priority dates through the Wayback Machine captures. As to the software version dispute, Defendants are correct that the relevant inquiry here is whether the software *which affects the user interface functionality asserted in the Patents at issue* pre-dates said Patents' priority dates. Dr. Terveen has, again, presented sufficient evidence that the relevant software antedates the asserted Patents, making a wholesale striking of the report is inappropriate; Plaintiff has failed to show that the firmware and device driver software would affect the asserted functionalities.

Accordingly, the Court **DENIES** Plaintiff's Motion to Strike on this basis. Plaintiff's concerns are best addressed with vigorous cross examination.

### B. Undisclosed Engineers

In the Motion, Plaintiff argues that Dr. Terveen relied upon LG engineers in forming his non-infringing alternative ("NIA") opinions, but that some of the engineers—namely Dong-Young Lee and Hyung-Joon Lee—were not timely disclosed. Dkt. No. 129 at 6. In support of this, they point to Defendants' disclosures in which Dong-Young Lee and Hyung-Joon Lee's names do not appear. *Id.* at 5-6 (citing Dkt. No. 129-18; Dkt. No. 129-19). Plaintiff further contends that because Dr. Terveen was allegedly unable to identify which specific engineers provided any of the critical information relied on in his NIA's opinions, this means that Defendants' failure to disclose "infects his entire NIA analysis." *Id.* at 13. In support of this, they point to alleged admissions by Dr. Terveen during his deposition in which he said that "What I wrote is that, 'I have discussed with LG engineers, including Yongbin Cho[4] . . . .' And so, I – I don't recall what he said versus any of the other engineers specifically." *Id.* at 6 (quoting Dkt. No. 142-1 at 48-49). Therefore, Plaintiff asserts that all of Dr. Terveen's NIA opinions should be stricken, especially now that discovery has closed. *Id.* at 13.

In response, Defendants argue that all engineers were properly disclosed. *See* Dkt. No. 142 at 7-8, 13. They also argue that, regardless of the above, all factual bases for Dr. Terveen's NIA opinions were disclosed by way of interrogatory responses served before the close of discovery. *Id.* at 5-7, 12-13 (citing Dkt. No. 129-8 at 26-36).

In reply, Plaintiff argues that regardless of the factual bases found in the interrogatory responses, the responses still fail to identify all the engineers, and so, they do not provide the entire factual basis for Dr. Terveen's opinions. Dkt. No. 168 at 5. Further, Plaintiff argues that even if the interrogatory answers did supply all factual bases, this does not obviate Defendants' obligation

---

[4] Yongbin Cho was properly disclosed. Dkt No. 129-19 at 5.

7

to disclose the individuals who provided these bases under Rule 26. *Id.*

In their sur-reply, Defendants first appear to suggest that their interrogatory answers and other disclosures put Plaintiff on sufficient notice that there were numerous engineers involved with the formation of factual bases that would eventually go into Dr. Terveen's report, and that Plaintiff, therefore, could have deposed these engineers (identified or otherwise) upon request. *See* Dkt. No. 181 at 4. Next, they argue that Dr. Terveen's supposed admissions during his deposition—that the engineers he identified by name were not the only ones that he relied upon—are being taken out of context. *Id.* at 5. Defendants contend that Dr. Terveen simply could not specifically recall which engineers he had talked with since he was being deposed almost a month and a half after the conversations took place, and that he was allowing for the possibility that there were ones other than those he specifically identified as a precaution. *See id.*

The Court finds that, although LG failed to name all of the engineers with whom Dr. Terveen talked during the formation of his NIA opinions, striking would be inappropriate here. As a preliminary matter, Defendants' proffered excuse that the disclosures they did make disclosed all the factual bases for Dr. Terveen's opinions is helpful but not dispositive. Defendants have an affirmative obligation under Rule 26 to disclose individuals with relevant knowledge and, where necessary, to supplement these disclosures. FED. R. CIV. P. 26.

Despite this, the Court agrees with Defendants that Dr. Terveen's supposed admissions are being taken out of context and that, as Defendants urged, he was merely allowing for the possibility that there were also other engineers other than the ones he mentioned by name. Regardless, Defendants' failure to disclose Hyung-Joon Lee is without excuse.[5]

---

[5] As Defendants correctly point out, Dr. Terveen's reliance on Dong-Young Lee was only for opinions regarding U.S. Patent No. 9,232,168, which the Court found to be indefinite. Dkt. No. 129-2 at 147; Dkt. No. 93 at 21-25. Accordingly, this issue is moot.

8

Dr. Terveen clearly relies on Hyung-Joon Lee in his NIA opinions regarding the '040 Patent. Dkt. No. 129-2 at 150 ("I have discussed with LGE engineers (including Yongbin Cho and *Hyung-Joon Lee*) what efforts it would take to update the software [so as to render it non infringing].") (emphasis added). Critical to the instant Motion to Strike, however, is the fact that he relies on Hyung-Joon Lee *only in part*.

Under Rule 26, "If a party fails to provide information or identify a witness . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified *or is harmless*." FED. R. CIV. P. 26(c)(1) (emphasis added). Here, the failure is harmless. Not only does Dr. Terveen also rely on Yongbin Cho (who was properly disclosed) but the only time Dr. Terveen attributes any part of his NIA opinion to a specific individual is when he cites to Yongbin Cho's deposition. Given Dr. Terveen's qualifications, the remainder of his NIA opinion for the '040 Patent would be within his own realm of expertise to opine upon.

Accordingly, the Motion to Strike is **DENIED** on this basis.

### IV.   CONCLUSION

For the reasons discussed above, the Motion is **DENIED**.

**SIGNED this 27th day of January, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

9