IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MULTIMEDIA TECHNOLOGIES PTE. LTD., <br> *Plaintiff*, <br> v. <br> LG ELECTRONICS INC. and LG ELECTRONICS USA, INC., <br> *Defendants*. | § § § § § § § § § § § Case No. 2:22-cv-00494-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court is the Motion to Strike Portions of the Expert Report of Dan Schonfeld, filed by Plaintiff Multimedia Technologies Pte. Ltd.. **Dkt. No. 130**. For the reasons discussed below, the Motion is **GRANTED** only in **PART**.

I.      **BACKGROUND**

On December 23, 2022, Plaintiff Multimedia filed suit against Defendants LG Electronics Inc. and LG Electronics USA, Inc. asserting (as is relevant to the instant Motion) that Defendants infringe five of their patents: U.S. Patent Nos. 9,055,254; 9,055,255; 9,247,174; 9,510,040; and 10,419,805.[1] Dkt. No.1 at 1; Dkt. No. 125 at 1-2.

On December 20, 21, and 22, 2023, Defendants filed petitions for *Inter Partes* Review of some of the asserted patents in this lawsuit with the Patent Trial and Appeal Board. IPR2024-00351; IPR2024-00352; IPR2024-00353; IPR2024-00354. Both Defendants were named as Petitioners and as real parties-in-interest in each IPR proceeding. Dkt. No. 71 at. 1 The table below

---

[1] On January 8, 2025, Plaintiff filed a notice with the Court in which they elected to not assert U.S. Patent Nos. 9,185,325; 9,237,291; 9,426,527; 9,578,384; and 9,820,003 in this case. Dkt. No. 231. Accordingly, the Court does not address arguments directed to these patents.

indicates the IPR number, challenged patent number, and challenged claims of the respective petitions filed before the PTAB:

| IPR Number | Asserted Patent Number | Claims Challenged |
|---|---|---|
| IPR2024-00351 | 9,510,040 | 1-6, 11-16, 21-22 |
| IPR2024-00352 | 9,247,174 | 1-14 |
| IPR2024-00353 | 9,247,174 | 1-4, 6, 8-10, 12-17, 19 |
| IPR2024-00354 | 9,247,174 | 1-18 |

*Id.*

On April 19, 2024, Defendants filed *Sotera* stipulations with the Court in which they agreed that if the PTAB institutes an IPR against the above Patents, then "Defendants will not pursue in this litigation the grounds raised or any other grounds that could have reasonably been raised before the PTAB in that instituted proceeding." *Id.* at 2-3. The PTAB has since instituted trial for each IPR. IPR2024-00351, Dkt. No. 49; IPR2024-00352, Dkt. No. 49; IPR2024-00353, Dkt. No. 70; IPR2024-00354, Dkt. No. 55.

Pursuant to paragraphs one and three of the Court's Discovery Order (Dkt. No. 35), Defendants provided Plaintiff a list of, *inter alia*, persons having knowledge of relevant facts. Dkt. No. 129-18. Defendant subsequently supplemented this disclosure. Dkt. No. 129-19.

On August 20, 2024, Plaintiff filed the instant Motion to Strike. Dkt. No. 130.

## II. APPLICABLE LAW

### A. Expert Testimony Generally

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product

of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while

exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### B. Expert Testimony and the Federal Rules of Civil Procedure

Despite the above, however, "[e]ven if testimony is reliable, it may still be excluded if it relies on information that violates the [Federal] [R]ules [of Civil Procedure]." *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023).

### III. ANALYSIS

Plaintiff moves to exclude portions of Dr. Schonfeld's expert report for two purported deficiencies: (1) that he relies on a reference which does not qualify as prior art; and (2) that he relies on undisclosed engineers. *See generally* Dkt. No. 130.

The Court takes each argument up in turn.

### A. Prior Art Issue

The arguments that Plaintiff advances here are identical to those found in the Motion to Strike Portions of the Expert Report of Loren Terveen. *See generally* Dkt. No. 129. Accordingly, the Court **DENIES** Plaintiff's Motion to Strike on this basis for the same reasons found in the Court's Order on the aforementioned Motion.

4

### B. Undisclosed Employees Issue

In the Motion, Plaintiff argues that Dr. Schonfeld relied upon LG engineers in forming his non-infringing alternative ("NIA") opinions, but that some of the engineers—namely Hyun-Seung Lee, Kwang-Hee Jang, and Jae-Won Oh[2]—were not timely disclosed. Dkt. No. 130 at 6. In support of this, they point to Defendants' disclosures in which Hyun-Seung Lee's and Kwang-Hee Jang's names do not appear. *Id.* at 5-6 (citing Dkt. No. 129-18; Dkt. No. 129-19). Plaintiff further contends that because Dr. Schonfeld was allegedly unable to identify which specific engineers provided any of the critical information relied on in his NIA's opinions, this means that Defendants' failure to disclose "infects his entire NIA analysis." *Id.* at 13. Therefore, Plaintiff asserts that all of Dr. Schonfeld's NIA opinions should be stricken, especially now that discovery has closed. *Id.* at 13.

In response, Defendants argue that all engineers were properly disclosed. *See* Dkt. No. 148 at 6-8, 13. They also argue that, regardless of the above, all factual bases for Dr. Schonfeld's NIA opinions were disclosed by way of interrogatory responses served before the close of discovery. *Id.* at 5-7, 12-13 (citing Dkt. No. 130-8 at 26-36).

In reply, Plaintiff argues that regardless of the factual bases found in the interrogatory responses, the responses still fail to identify all the engineers, and so, they do not provide the entire factual basis for Dr. Schonfeld's opinions. Dkt. No. 167 at 5. Further, Plaintiff argues that even if the interrogatories did supply all factual bases, this does not obviate Defendants' obligation to disclose the individuals who provided these bases under Rule 26. *Id.*

In their sur-reply, Defendants first appear to suggest that their interrogatories and other

---

[2] Jae-Won Oh was disclosed in Defendants' initial disclosure, but his name was removed from Defendants' subsequent supplemental disclosure. *See* Dkt. No. 129-18 at 5; *compare* Dkt. No. 129-19 at 5.

5

disclosures put Plaintiff on sufficient notice that there were numerous engineers involved with the formation of factual bases that would eventually go into Dr. Schonfeld's report, and that Plaintiff, therefore, could have deposed these engineers (identified or otherwise) upon request. *See* Dkt. No. 184 at 4. Next, they argue that Dr. Schonfeld's supposed admissions during his deposition—that the engineers he identified by name were not the only ones that he relied upon—are being taken out of context. *Id.* at 5. Defendants contend that Dr. Schonfeld simply could not specifically recall which engineers he had talked with since he was being deposed almost a month and a half after the conversations took place, and that he was allowing for the possibility that there were ones other than those he specifically identified as a precaution. *See id.*

The Court finds that LG failed to disclose all of the engineers with whom Dr. Schonfeld talked during the formation of his NIA opinions, striking is not appropriate here. As a preliminary matter, Defendants' proffered excuse that the disclosures they did make disclosed all the factual bases for Dr. Schonfeld's opinions is helpful but not dispositive. Defendants have an affirmative obligation under Rule 26 to disclose individuals with relevant knowledge and, where necessary, to supplement these disclosures. FED. R. CIV. P. 26. However, Plaintiff's argument that this infects the entirety of Dr. Schonfeld's NIA analysis is unpersuasive.

The Court agrees that Dr. Schonfeld's supposed admissions are being taken out of context and that, as Defendants urged, he was allowing for the possibility that there were also other engineers other than the ones he mentioned by name. Despite this, Defendants' failure to disclose Kwang-Hee Jang and Jae-Won Oh is without excuse.[3] Dr. Schonfeld clearly relies on Kwang-Hee Jang in his NIA opinions regarding the '805 Patent. Dkt. No. 130-2 at 63 ("My opinion and

---

[3] Dr. Schonfeld's reliance on Hyun-Seung Lee was only for opinions regarding U.S. Patent Nos. 9,237,291 and 9,426,527, which are no longer being asserted. Dkt. No. 231. Accordingly, this issue is moot.

understanding has been informed by conversations with LG engineers, *including Kwang-Hee Jang*.") (emphasis added). Dr. Schonfeld also clearly relies on Jae-Won Oh in his NIA opinions regarding the '325 Patent.[4] Dkt. No. 130-2 at 81 ("My opinion and understanding has been informed by conversations with LG engineers, *including Jae-Won Oh*.") (emphasis added). The fact that the only named engineers that Dr. Schonfeld attributes his understanding of the relevant facts to are these undisclosed individuals is problematic.

"When confronted with a violation of Rule 26, Rule 37 grants district courts the authority to exclude untimely information." *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 WL 2267212, at *3 (E.D. Tex. May 28, 2019) (citing Fed. R. Civ. P. 37(c)(1)). Four factors guide the Court's exercise of discretion in evaluating whether to exclude evidence under Rule 37. *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Those factors are: "(1) [The untimely party's] explanation for its failure to disclose . . . , (2) the importance of the evidence, (3) the potential prejudice to [the objecting party] in allowing the evidence, and (4) the availability of a continuance." *Id.*

As to the first factor: as discussed above, Defendants failed to disclose Kwang-Hee Jang and Jae-Won Oh and have no valid explanations vis-à-vis their affirmative obligations under Rule 26. Even though Jae-Won Oh had initially been disclosed, Defendants removed him from their list in their supplemental disclosure. *See* Dkt. No. 129-18 at 5; *compare* Dkt. No. 129-19 at 5. As discussed above, Parties have an obligation to disclose *and* to supplement when necessary. Because Dr. Schonfeld ultimately wound up relying on Jae-Won Oh for his NIA opinions, Defendants were

---

[4] Dr. Schonfeld also relies on Jae-Won Oh for his NIA opinions regarding U.S. Patent No. 9,578,384, which is no longer being asserted. Dkt. No. 231. Accordingly, this point is moot.

required to (re)disclose Jae-Won Oh but did not do so. Accordingly, this factor weighs in favor of striking the offending portions of Dr. Schonfeld's report.

As to the second factor: the evidence at issue, while important to Defendants' ability to bring arguments regarding NIA, only goes towards the '805 and '325 Patents. The remainder of Dr. Schonfeld's report is left intact.[5] Thus, the evidence, when considered in the broader context, is not critical to the Defendants' case as a whole. Accordingly, this factor also weighs slightly in favor of striking.

As to the third factor: because discovery is now closed and the case is on the eve of trial,[6] Plaintiff has been deprived[7] of their opportunity to cross-examine Kwang-Hee Jang and Jae-Won Oh. Dr. Schonfeld relied on Kwang-Hee Jang and Jae-Won Oh to opine that the NIA options would take minimal time to implement and would be at minimal cost, but Plaintiff now has no ability to substantively rebut these conclusions. Accordingly, Plaintiff is prejudiced here, and so, this factor also favors striking.

As to the fourth factor: neither party seeks a continuance (Dkt. No. 129 at 15; Dkt. No. 142 at 15), nor does the Court find a continuance would be appropriate since this case, as stated above, is on the eve of trial.

The Court finds that the factors, on balance, weigh in favor of striking. Accordingly, the Motion to Strike is **GRANTED** to that extent that all sections of Dr. Schonfeld's report regarding NIA opinions which rely on Kwang-Hee Jang or Jae-Won Oh are stricken.

---

[5] Defendants can also rely on all of Dr. Terveen's NIA opinions. *See* the Court's Order on Plaintiff's Motion to Strike Portions of the Expert Report of Loren Terveen.
[6] Jury selection is set for February 7, 2025.
[7] *See also infra* regarding the inappropriateness of a continuance as a cure to this.

## IV. CONCLUSION

For the reasons discussed above, the Motion is **GRANTED** only in **PART** as to Dr. Schonfeld's report regarding NIA opinions which rely on Kwang-Hee Jang or Jae-Won Oh, but otherwise **DENIED**.

**SIGNED this 27th day of January, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE