IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MULTIMEDIA TECHNOLOGIES PTE. LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> LG ELECTRONICS INC. and LG ELECTRONICS USA, INC., <br><br> *Defendants*. | § § § § § § § § § § § Case No. 2:22-cv-00494-JRG-RSP |

### MEMORANDUM ORDER

Before the Court is the Motion to Strike Portions of the Expert Report of Todd Schoettelkotte, filed by Plaintiff Multimedia Technologies Pte. Ltd.. **Dkt. No. 131**. For the reasons discussed below, the Motion is **DENIED**.

### I.     BACKGROUND

On December 23, 2022, Plaintiff Multimedia filed suit against Defendants LG Electronics Inc. and LG Electronics USA, Inc. asserting (as is relevant to the instant Motion) that Defendants infringe five of its patents: U.S. Patent Nos. 9,055,254; 9,055,255; 9,247,174; 9,510,040; and 10,419,805.[1] Dkt. No.1 at 1; Dkt. No. 125 at 1-2.

On June 26, 2023, pursuant to the Court's Discovery Order (Dkt. No. 35), Defendants provided Plaintiff a list of, *inter alia*, persons having knowledge of relevant facts. Dkt. No. 129-18. Defendants subsequently supplemented this disclosure on April 25, 2024. Dkt. No. 129-19.

---

[1] On January 8, 2025, Plaintiff filed a notice with the Court in which they elected to not assert U.S. Patent Nos. 9,185,325; 9,237,291; 9,426,527; 9,578,384; and 9,820,003 in this case. Dkt. No. 231.

On October 2, 2023, Defendants served an initial interrogatory seeking the factual underpinnings for Plaintiff's damages theories. Dkt. No. 146-2 at 12. On June 7, 2024, Plaintiff disclosed via a supplemental response to the above interrogatory that it may rely on a conjoint survey in its damages report. Dkt. No. 131-8 at 36.

On July 1, 2024, fact discovery closed and the parties disclosed their expert reports. Dkt. No. 98. On July 30, 2024, the parties disclosed their rebuttal expert reports, including Dr. Schottelkotte's. Dkt. No. 108. On August 13, 2024, Plaintiff deposed Dr. Schottelkotte. Dkt. No. 131 at 3.

On August 19, 2024, Plaintiff complained for the first time of Dr. Schottelkotte's reliance on Mr. Loretucci in his expert report. Dkt. No. 146-1. In response, Defendants offered to make Mr. Loretucci available for deposition. Dkt. No. 170 at 4. On August 20, 2024, Plaintiff filed the instant Motion to Strike. Dkt. No. 131.

## II. APPLICABLE LAW

### A. Expert Testimony Generally

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making

Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### B. Expert Testimony and the Federal Rules of Civil Procedure

Despite the above, however, "[e]ven if testimony is reliable, it *may* still be excluded if it relies on information that violates the [Federal] [R]ules [of Civil Procedure]." *Estech Sys. IP, LLC v. Carvana LLC*, No. 2:21-cv-0482, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023) (emphasis added).

### III.   ANALYSIS

Plaintiff moves to exclude portions of Dr. Schoettelkotte's expert damages report because those portions purportedly rely on an undisclosed individual: Douglas Loretucci. *See generally* Dkt. No. 131.

In the Motion, Plaintiff argues that Dr. Schoettelkotte relied upon Mr. Loretucci in forming his rebuttal opinions regarding Plaintiff's survey expert report, but that Mr. Loretucci was not timely disclosed. *See generally id.* In support of this, they point to Defendants' disclosures in which Mr. Loretucci's name does not appear. *See id.* at 2, 5 (citing Dkt. No. 129-18; Dkt. No. 129-19). Therefore, Plaintiff asserts, all of Dr. Schoettelkotte's rebuttal opinions regarding plaintiff's survey should be stricken, especially now that discovery has closed. *Id.* at 6-7.

In response, Defendants argue that they were not on notice that Plaintiff's survey expert—Dr. Sukumar—intended to rely on a conjoint survey. *See* Dkt. No. 145 at 1-2. Specifically, they point to their October 2023 interrogatory and, moreover, Plaintiff's June 7 supplemental response to it in which Plaintiff states that it "may rely on a survey-based analysis performed by Dr. Ramamirtham Sukumar (e.g., conjoint analysis) in order to determine a customer's willingness to pay for the infringed and patented functionality in support of its damages analysis." *See id.* at 1 (citing Dkt. No. 131-8 at 36). Defendants claim that this single sentence, and the fact that it says

4

"may," was insufficient to apprise them. *See id.* Therefore, Defendants assert, the first time they realized that Plaintiff would rely on such a survey was when Plaintiff served its expert reports. Thus, Dr. Schoettelkotte was justified in relying on Mr. Loretucci as part of his rebuttal investigation given the lack of forewarning. *See id.* at 4, 7. Defendants also assert that Plaintiff had Dr. Schoettelkotte's report—which makes clear that he relied on Mr. Loretucci—for two weeks before they deposed him. *Id.* at 9. Further, Defendants made Mr. Loretucci available for deposition at the meet and confer regarding the instant motion, which took place on August 19, 2024, but Plaintiff opted not to depose him then, and still have not done so.

In Reply, Plaintiff argues that its supplemental response to Defendants' interrogatory was sufficient to put Defendants on notice. Dkt. No. 170 at 1. Specifically, it points out that the supplement states that Plaintiff planned on using a survey expert, the name of the survey expert, and that it may use it as a part of its damages analysis. *Id.* at 2. It further asserts that Defendants' offer to let Plaintiff depose Mr. Loretucci at the meet and confer was "too little too late" because discovery was closed, and Plaintiff would not be able to "challenge or follow up to his potential testimony through further discovery." *Id.* at 4.

In their sur-reply, Defendants reiterate that Plaintiff's June 7 supplement was insufficient to put them on notice, and that Plaintiff's continued failure to cure the issue by deposing Mr. Loretucci cuts against striking. *See* Dkt. No. 183 at 1-2, 4.

The Court finds that, although LG failed to disclose Mr. Loretucci, on whom Dr. Schoettelkotte relied in the formation of his survey rebuttal opinions, striking would be inappropriate here.

As a preliminary matter, Defendants do have an affirmative obligation under Rule 26 to disclose individuals with relevant knowledge and, where necessary, to supplement these

5

disclosures. FED. R. CIV. P. 26. Defendants did not do so here. Dr. Schoettelkotte clearly relies on Mr. Loretucci in his survey rebuttal opinions. *See e.g.* Dkt. No. 131-2 at 80 ("I understand from *Douglas Loretucci* that LG uses a variety of qualitative (*e.g.*, surveys, etc.) and quantitative (*e.g.*, focus groups, one-on-one interviews, etc.) primary research methods to study consumers") (emphasis added).

"When confronted with a violation of Rule 26, Rule 37 grants district courts the authority to exclude untimely information." *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 WL 2267212, at *3 (E.D. Tex. May 28, 2019) (citing Fed. R. Civ. P. 37(c)(1)). Four factors guide the Court's exercise of discretion in evaluating whether to exclude evidence under Rule 37. *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Those factors are: "(1) [The untimely party's] explanation for its failure to disclose . . . , (2) the importance of the evidence, (3) the potential prejudice to [the objecting party] in allowing the evidence, and (4) the availability of a continuance." *Id.*

As to the first factor: as discussed above, Plaintiff's disclosure of its intent to rely on a survey came late in the game and provided very little detail. That cuts against the sanction of striking the late reliance on Mr. Loretucci.

As to the second factor: the evidence at issue is important to Defendants. The sections of Dr. Schoettelkotte's report at issue are a significant part of Defendants' expert's rebuttal of Dr. Sukumar's survey which, in turn, is a significant component of Plaintiff's damages model. Accordingly, this factor weighs against striking.

As to the third factor: because discovery is now closed and the case is on the eve of trial, Plaintiff has been deprived of its opportunity to cross-examine Mr. Loretucci. However, cutting against this are two facts.

6

First, Plaintiff did nothing to mitigate this issue despite having ample opportunity to do so. Defendants offered Mr. Loretucci for deposition at the meet and confer regarding the instant motion but Plaintiff declined. Dkt. No. 170 at 4. Plaintiff did not request a limited extension of deadlines to address this. Further, Plaintiff was aware of Dr. Schoettelkotte's reliance on Mr. Loretucci since at least as far back as when Defendants served Dr. Schoettelkotte's expert report on July 30, 2024. *See* Dkt. No. 108 at 3. There was an opportunity to cure Plaintiff's prejudice.

Second, Dr. Schoettelkotte's report only offers rebuttal opinions that attack the methodology of Dr. Sukumar's report; in other words, it does not offer opinions related to some separate survey that Defendants conducted which achieved different results from Dr. Sukumar's survey. Such a situation would be more problematic. Accordingly, this factor weighs against striking.

As to the fourth factor: neither party seeks a continuance (Dkt. No. 131 at 9; *see generally* Dkt. No. 145), nor does the Court find a continuance would be appropriate since this case, as stated above, is on the eve of trial. However, the Court will consider a prompt request for a limited deposition of Mr. Loretucci, if one is made.

The Court finds that the factors, on balance, weigh against striking. Accordingly, the Motion to Strike is **DENIED**.

**SIGNED this 6th day of February, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE