IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MULTIMEDIA TECHNOLOGIES PTE. LTD., | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:22-CV-00494-JRG-RSP |
| | § | |
| LG ELECTRONICS INC. *and* LG ELECTRONICS USA, INC., | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Renewed Motion for JMOL (the "Motion") filed by Plaintiff Multimedia Technologies PTE. Ltd. ("Plaintiff"). (Dkt. No. 309). In the Motion, Plaintiff moves for judgment as a matter of law ("JMOL") under Federal Rule of Civil Procedure 50(b) that (1) all asserted claims of the patents-in-suit are valid and (2) Defendants LG Electronics Inc. and LG Electronics USA, Inc. ("LG") infringe those claims. (*Id*. at 1). Plaintiff also "moves for a new trial on the same grounds" under Federal Rule of Civil Procedure 59. (*Id*.). Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court finds that the Motion should be and hereby is **DENIED**.

**I.    BACKGROUND**

At trial, Plaintiff alleged that LG infringed five (5) of its patents: U.S. Patent No. 9,510,040 (the "'040 Patent"); U.S. Patent No. 9,247,174 (the "'174 Patent"); U.S. Patent No. 9,055,254 (the "'254 Patent"); U.S. Patent No. 9,055,255 (the "'255 Patent"); and U.S. Patent No. 10,419,805 (the "'805 Patent") (collectively, the "Asserted Patents"). (*See* Dkt. No. 280). The Asserted

Patents all derive from the same patent family and are in the field of smart TVs.  (Dkt. No. 93, at 2).

## II.     LEGAL STANDARD

### (a) JMOL – Rule 50(b)

"Judgment as a matter of law is proper when 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'"  *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013) (quoting FED. R. CIV. P. 50(a)).  The non-moving party must identify "substantial evidence" to support its positions.  *TGIP, Inc. v. AT&T Corp.*, 527 F. Supp. 2d 561, 569 (E.D. Tex. 2007).  "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1363 (Fed. Cir. 2004).

"The Fifth Circuit views all evidence in a light most favorable to the verdict and will reverse a jury's verdict only if the evidence points so overwhelmingly in favor of one party that reasonable jurors could not arrive at any contrary conclusion."  *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018) (citing *Bagby Elevator Co. v. Schindler Elevator Corp.*, 609 F.3d 768, 773 (5th Cir. 2010)).  A court must "resolve all conflicting evidence in favor of [the verdict] and refrain from weighing the evidence or making credibility determinations."  *Gomez v. St. Jude Med. Diag. Div. Inc.*, 442 F.3d 919, 937-38 (5th Cir. 2006).

### (b) Motion for New Trial – Rule 59

Rule 59 provides that a court may grant a new trial on all or part of the issues on which there has been a trial by jury for "any reason for which a new trial has heretofore been granted in an action at law in federal court."  FED. R. CIV. P. 59(A).  Notwithstanding the broad sweep of Rule 59, "courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into

the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-00744-JRG, 2017 WL 3704760, at *2 (E.D. Tex. Aug. 28, 2017); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 276 F. Supp. 3d 629, 643 (E.D. Tex. 2017). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985); *see also Laxton v. Gap Inc.*, 333 F.3d 572, 586 (5th Cir. 2003) ("A new trial is warranted if the evidence is against the great, and not merely the greater, weight of the evidence."). Furthermore "[u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial … . the court must disregard all errors and defects that do not affect any party's substantial rights." FED. R. CIV. P. 61.

A party can move the Court to amend an order or judgment within 28 days of entry. FED. R. CIV. P. 59(E). "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (cleaned up). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Given that "specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (cleaned up). Accordingly, relief under Rule 59(e) is appropriate only when (1) there is a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) there would otherwise be manifest injustice; or (4) there is an intervening change in controlling law. *Schiller*

3

*v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  As a result, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  *Templet*, 367 F.3d at 479.

### III.    ANALYSIS

Plaintiff moves for JMOL, or alternatively a new trial, with respect to two (2) issues: (1) the validity of Asserted Patents; and (2) infringement of the same.  (Dkt. No. 309, at 1).  The Court addresses each in turn.

#### (a) Validity

Plaintiff argues that the Court should grant JMOL that (1) the '040, '174, '254, and '805 Patents (the "TV Patents") are valid over the LG 5700 Television and (2) claim 19 of the '255 Patent is valid over Korean Patent Application Publication KR 10-2006-0078225 A ("Song"). (Dkt. No. 309, at 1).  The Court turns to these arguments in turn.

##### *(1) The TV Patents*

At trial, LG asserted that the TV Patents are obvious over the LG 5700 TV.  (Dkt. No. 279 at 1).  Specifically, LG contended that: claim 8 of the '040 Patent is obvious over the LG 5700 TV; claim 10 of the '805 Patent is obvious over LG 5700 TV in view of U.S. Patent Pub. No. 2013/0263184 ("Melnychenko"); claim 21 of the '040 Patent is obvious over LG 5700 TV and U.S. Patent Pub. No. 2013/0057764 ("Choi"); and claims 10 and 11 of the '174 Patent are obvious over LG 5700 TV and U.S. Patent Pub. No. 2011/0219395 A1 ("Moshiri").  (*Id.*).  The jury agreed. (Dkt. No. 295, at 5).

Now, Plaintiff seeks JMOL that the TV Patents are valid over the LG 5700 TV, or alternatively, a new trial should be granted.  (Dkt. No. 309, at 3).  Plaintiff raises three (3) grounds for its request.

*(A) Whether the LG 5700 TV is prior art?*

At trial, LG introduced evidence showing that the LG 5700 TV's hardware and operating system (NetCast) were publicly available in 2011. (Dkt. No. 314, at 666:25–669:11). However, Mr. Park, LG's own expert, testified that the TV had a post-priority date software update (version 5.00.24). (*Id*. at 692:11–22). Now, the parties dispute whether the LG 5700 TV is, in fact, prior art in light of that update. (*See* Dkt. No. 332, at 1).

Plaintiff argues that the post-priority date software update has materially changed the functionality of the LG 5700 TV and, consequentially, the LG 5700 TV is not prior art. (*Id*.). As support, Plaintiff cites the TV's user manual from 2011, which purportedly depicts a different search functionality than is now on the device. (*Id*. at 2). Plaintiff also points to testimony that third-party apps on the LG 5700 TV, such as the Vudu app, "update[] automatically" and "are subject to change at any time without prior notice." (*Id*. at 3).

LG disagrees. LG argues that the jury considered "substantial evidence" that the software update has not changed the functionality of the LG 5700 TV. (Dkt. No. 328, at 7). As support, LG points to a 2011 YouTube video, asserting that the video "corroborat[es] that the pertinent functionality of the 2011 LG 5700 TV's NetCast 2.0 software operated the same way as it did in 2011," despite the update. (*Id*. (citing Dkt. No. 328-1, at 19–20)). LG also cites its expert, Dr. Schonfeld, who testified that the LG 5700 TV's functionality is derived from the operating system, not the software update. (*Id*. (citing Dkt. No. 314, at 768:2–23)).

The Court agrees with LG. Looking at the evidence in a light most favorable to the verdict, a reasonably jury could find that the LG 5700 TV's functionality remained materially unchanged since 2011. *Core Wireless*, 880 F.3d at 1361. Indeed, the 2011 YouTube video allowed the jury to compare an LG smart TV from 2011 to the LG 5700 TV. (Dkt. No. 328-1, at 19–20). The jury

5

apparently found no differences.  (*See* Dkt. No. 295, at 5).  This comparison is backed by expert testimony that the software update relates to only "lower level software functionality," not the claimed functionality.  (Dkt. No. 314, at 768:6–14).  Plaintiff's strongest argument—that the 2011 user manual depicts a different search function than what is now on the LG 5700 TV—has been disputed.  (*See id*. at 673:6–9 ("depending on the user and . . . the different types of apps they've downloaded, the home screen can be different")).  Under these facts, JMOL is inappropriate.

Additionally, and in light of the above, Plaintiff has not identified any grounds for a new trial.  *Schiller*, 342 F.3d at 567.

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

### (B) *Whether LG sufficiently corroborated the LG 5700 TV?*

Relatedly, Plaintiff argues that LG has not corroborated that the LG 5700 TV is prior art.  (Dkt. No. 309, at 5).  First, Plaintiff asserts that none of the evidence introduced by LG suffices to corroborate the TV.  (*Id*.).  As support, Plaintiff points to the testimony of LG's own witnesses and insists that such testimony is insufficient to corroborate LG's own invention.  (*Id*. (citing *Mosaic Brands, Inc. v. Ridge Wallet LLC*, 55 F.4th 1354, 1363 (Fed. Cir. 2022)).  Second, Plaintiff asserts that LG has not corroborated several aspects of the LG 5700 TV.  (*Id*. at 6–10).  Specifically, Plaintiff identifies the following as allegedly uncorroborated: the TV's search functionality ('805 Patent); a CNN Player ('805 Patent); a VUDU app screen ('805 Patent): a search application ('254 Patent); a home screen ('040 Patent); and a live television preview screen ('174 Patent).  (*Id*.).

LG argues that Plaintiff misstates the law.  (Dkt. No. 328, at 10–11).  According to LG, Plaintiff "improperly seeks to re-frame" the sufficiency of corroboration analysis from a fact question to a legal one that "requir[es] that each and every aspect of the LG 5700 TV be corroborated by documentary evidence."  (Dkt. No. 328, at 10–11 (citing *Mosaic*, 55 F.4th at

1363–64)).  LG further argues that, even under Plaintiff's heightened standard, LG has sufficiently corroborated each feature of the LG 5700 TV.  (*Id.* at 11).  For example, LG notes that Mr. Sirpal (an inventor of the Asserted Patents) testified that LG's smart TVs implemented features of the Asserted Patents in 2011.  (*Id.*).

Plaintiff overstates its case.  "When a party claims that its own invention predates . . . a patent asserted against it, the oral testimony of the inventor of the purported prior art must be corroborated."  *Mosaic*, 55 F.4th 1354, 1363.  "Possible corroborating evidence, from most to least probative, includes documentary and physical evidence created at the time of conception or reduction to practice, circumstantial documentary evidence about the inventive process, and oral testimony by someone other than the inventor."  *Id*.  However, "not every aspect of an inventor's testimony [must] be explicitly corroborated with a source independent of the inventor," and "[w]hether testimony is sufficiently corroborated is ultimately a question of fact."  *Id*.  Thus, LG is not required to corroborate each aspect of the LG 5700 TV as asserted by Plaintiff.

Further, and looking at the evidence in a light most favorable to the verdict, a reasonable jury could find that LG sufficiently corroborated the LG 5700 TV.  *Core Wireless*, 880 F.3d at 1361.  As mentioned above, LG introduced documentary evidence—a 2011 YouTube video—that enabled the jury to compare the current LG 5700 TV with LG's smart TVs that were publicly available in 2011.  (Dkt. No. 314, at 769:8–770:18).  The inventor of the Asserted Patents, Mr. Sirpal, testified that, in 2011, LG's smart TVs "include[d] apps like Netflix and YouTube," allowed users to navigate tiles to access those applications by using a directional pad on a remote control, and presented live television.  (Dkt. No. 310, at 292:2–295:23).  This evidence suffices for a reasonable fact finder to conclude that the LG 5700 TV had the same functionality now as it

7

did in 2011 and that the TV was sold before the priority dates of any of the TV Patents. *See Mosaic*, 55 F.4th at 1364.

In light of the above, Plaintiff has not identified any grounds for a new trial here. *Schiller*, 342 F.3d at 567.

Accordingly, this portion of the Motion should be **DENIED**.

### (C) *Whether LG is estopped from relying on other prior art documents?*

As mentioned above, LG relied on Melnychenko, Choi, and Moshiri as secondary references against the '805, '040, and '174 Patents, respectively. (*See* Dkt. No. 279, at 1). LG has also asserted these references against the patents in parallel *inter partes* review proceedings. (*See* Dkt. No. 71). Consequentially, LG stipulated that it would "not pursue in this litigation the grounds raised or any other grounds that could have been reasonably been raised before the [Patent Trial and Appeal Board] in that instituted proceeding." (*Id.* at 2).

Now, Plaintiff argues that, if the LG 5700 TV is not properly classified as prior art, LG is estopped from asserting Melnychenko, Choi, and Moshiri against the '805, '040, and '174 Patents in light of its stipulation. (Dkt. No. 309, at 10–11 ("LG's remaining prior art grounds must fail as LG was estopped from raising them absent the LG 5700 system"). However, and as discussed above, the 5700 TV is prior art.

Accordingly, and in light of these facts, the Court finds that this portion of the Motion should be **DENIED-AS-MOOT**.

### (2) *Claim 19 of the '255 Patent*

At trial, LG argued that claim 19 of the '255 Patent is anticipated by or obvious over Song. (Dkt. No. 309, at 12). LG's expert, Dr. Terveen, argued that different aspects of Song's menu navigation system satisfied two (2) claim elements: (1) a "live TV application feature" and (2) a

8

"global panel feature." (*See* Dkt. No. 314, at 892:4–8; Dkt. No. 309, at 11 ("Dr. Terveen pointed to different aspects of that single 'menu movement navigation navigator' as satisfying the various claim limitations")). The jury agreed. (Dkt. No. 295, at 5).

Now, Plaintiff moves for JMOL with respect to the validity of claim 19 over Song. (Dkt. No. 309, at 11). Plaintiff argues that the "live TV application feature" and "global panel feature" are distinct limitations that cannot be satisfied by a single prior art element. (*Id*. at 12; Dkt. No. 332, at 4). Plaintiff reasons that both features "are separately determined in response to different inputs" and separately presented in different portions of the display. (Dkt. No. 332, at 4).

LG disagrees. LG asserts that Song's menu navigation system has different components that are separately determined in response to different inputs and presented in different portions of the display. (Dkt. No. 333, at 4). Further, LG asserts that Plaintiff has not introduced any evidence showing otherwise. (*Id*.). According to LG, Plaintiff has not met its burden. (*Id*.).

The Court agrees with LG. Plaintiff has not shown that "a reasonable jury would not have a legally sufficient evidentiary basis to find" that claim 19 is obvious over Song. *Abraham*, 708 F.3d at 620 (quotation omitted). Indeed, LG introduced evidence of claim 19's invalidity that is entirely consistent with Plaintiff's understanding of the claim. Specifically, LG's expert testified that Song teaches the use of different inputs for a live Application feature (S300) and a global panel input (S210). (Dkt. No. 328-2, at 21–24). LG's expert further testified that Song discloses that these features are located in different portions of the display. (*Id*. at 25). Plaintiff has introduced no evidence in support of its position, let alone "substantial evidence." *TGIP*, 527 F. Supp. 2d at 569.

In light of the above, Plaintiff has not identified any grounds for a new trial here. *Schiller*, 342 F.3d at 567.

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

**(b) Infringement**

Plaintiff also moves for JMOL on the issue of infringement for each of the Asserted Patents or, alternatively, a new trial on the same.  (Dkt. No. 309, at 13).  However, it is "axiomatic that one cannot infringe an invalid patent."  *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 637 (2015) (citation omitted).  Here, the jury has found that the Asserted Patents are all invalid, and Plaintiff has not shown that the Court should disturb that finding.  Consequentially, there can be no infringement here.

Accordingly, the Court finds that this part of the Motion should be **DENIED AS MOOT**.

IV.     **CONCLUSION**

For the foregoing reasons, the Court finds that the Motion should be and hereby is **DENIED**.

## So Ordered this

**Mar 18, 2026**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE